**PECO ENERGY CO., Appellee,**

v.

**PHILADELPHIA SUBURBAN WATER COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 15, 2002.
Filed June 26, 2002.

---

Thomas P. Bracaglia, Philadelphia, for appellant.

Henry M. Clinton, Philadelphia, for appellee.

Before STEVENS, TODD, and CAVANAUGH, JJ.

TODD, J.

¶ 1 Philadelphia Suburban Water Company ("PSWC") appeals the order entered May 25, 2001 by the Honorable Nitza Quinones Alejandro of the Court of Common Pleas of Philadelphia County overruling its preliminary objections to venue in Philadelphia County.[1] Following our thorough review of the record before us, we reverse and remand.

¶ 2 The relevant facts and procedural history of this matter are as follows. On January 5, 2001, PECO Electric Company ("PECO") filed a civil action against PSWC in Philadelphia County alleging that it sustained pecuniary losses as the result of an alleged rupture of a PSWC water pipe located in Montgomery County

---

**1.** We note that this appeal is properly before us and is not interlocutory because, pursuant to Rule 311 of the Pennsylvania Rules of Appellate Procedure, the plaintiff, PECO, timely elected to have the trial court's order of May 25, 2001 overruling PSWC's preliminary objections to venue deemed a final and, therefore, appealable order. *See* Pa.R.A.P. 311(b)(1).

on January 11, 1999. PECO claimed that the rupture of the PSWC pipe caused one of its own pipes to burst. Both of the pipes in question were located in Montgomery County, as were the customers affected by the pipes' failures. PSWC filed preliminary objections to venue claiming that PSWC is not located in Philadelphia County, has no registered office there, the cause of action did not arise in Philadelphia County, PSWC does not conduct business regularly in Philadelphia County, and all customers affected by the accident are located in Montgomery County.

¶ 3 On April 3 and 4, 2001, the trial court entered orders requiring that the parties conduct limited discovery on the question of venue and file supplemental memoranda on the issue. On May 23, 2001, Judge Alejandro entered an order overruling PSWC's preliminary objections. PSWC timely filed a notice of appeal on June 13, 2001 and a statement of matters complained of on appeal on June 28, 2001. In response, Judge Alejandro filed an opinion pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure on July 27, 2001 in support of her order.

¶ 4 On appeal, PSWC presents the following questions, which we have paraphrased and renumbered for ease of review:

1. Whether the trial court abused its discretion in overruling PSWC's preliminary objections to venue in Philadelphia County by finding that PSWC regularly conducts business there through the misapplication of Pa.R.C.P. 2179 and controlling case law to the facts revealed through limited discovery on the issue of venue?

2. Whether the trial court abused its discretion in overruling PSWC's preliminary objections to venue in Philadelphia County where PSWC is subject to the jurisdiction and regulatory control of the Public Utility Commission ("PUC") and is not authorized to conduct business in Philadelphia County under applicable certificates of public convenience and tariffs pursuant to 66 Pa.C.S.A. §§ 102, 501 and 1101?

3. Whether the trial court abused its discretion in overruling PSWC's preliminary objections to venue in Philadelphia County where the issue of whether PSWC conducts business there is preempted and/or determined by 66 Pa.C.S.A. § 102 et seq.?

(Appellant's Brief, at 2–3.)

¶ 5 A plaintiff's choice of forum should be "given great weight and a defendant has the burden in asserting a challenge to the plaintiff's choice of venue." *Masel v. Glassman,* 456 Pa.Super. 41, 45, 689 A.2d 314, 316 (1997) (quoting *Shears v. Rigley,* 424 Pa.Super. 559, 564, 623 A.2d 821, 824 (1993)). The trial court is vested with discretion in determining whether to grant a petition to transfer venue and this Court shall not overturn a decision to grant or deny absent an abuse of that discretion. *Gale v. Mercy Catholic Med. Ctr.,* 698 A.2d 647, 650 (Pa.Super.1997). Furthermore, it is well-settled that "corporations have a constitutional right to seek a change of venue." *Purcell v. Bryn Mawr Hosp.,* 525 Pa. 237, 242, 579 A.2d 1282, 1284 (1990). The proper method of challenging venue in a civil action is by way of preliminary objections. *Boyce v. St. Paul Prop. & Liab. Ins. Co.,* 421 Pa.Super. 582, 588, 618 A.2d 962, 965 (1992).

¶ 6 In a suit against a corporation, the Pennsylvania Rules of Civil Procedure state that venue is proper in

(1) the county where its registered office or principal place of business is located;

(2) a county where it regularly conducts business;

(3) the county where the cause of action arose; or

(4) a county where a transaction or occurrence took place out of which the cause of action arose.

Pa.R.C.P. 2179(a).

¶ 7 In view of the facts adduced in discovery as presented in the record before us, we must conclude that the only provision that possibly could form a basis for determining that venue properly lies in Philadelphia County is the "regularly conducts business" provision. First, PSWC has no registered office or principal place of business in Philadelphia County. Second, the cause of action arose in Montgomery County, and third, the transaction or occurrence out of which the cause of action arose also was in Montgomery County.

¶ 8 In determining whether a corporation regularly conducts business, we have held that "this court must focus on the nature of the acts the corporation allegedly performs in that county; those acts must be assessed both as to their quantity and quality." *Masel*, 456 Pa.Super. at 46, 689 A.2d at 317 (citations omitted). Our Supreme Court has stated that the

"[q]uality of acts" means "those directly, furthering or essential to, corporate objects; they do not include incidental acts." Quantity means those acts which are "so continuous and sufficient to be general or habitual." ... [T]he acts of the corporation must be distinguished: those in "aid of a main purpose" are collateral and incidental, while "those necessary to its existence" are "direct."

*Purcell v. Bryn Mawr Hosp.*, 525 Pa. 237, 243–45, 579 A.2d 1282, 1285 (1990) (quoting *Shambe v. Delaware and Hudson R.R. Co.*, 288 Pa. 240, 248, 135 A. 755, 755 (1927)).

¶ 9 The record before us reveals the following: The incident complained of occurred in Montgomery County. PECO and PSWC owned and maintained pipes in Montgomery County, both of which burst on or about January 11, 1999. PECO filed suit against PSWC alleging that PSWC's pipe burst first, resulting in a buildup of pressure that caused PECO's pipe to rupture. PECO sustained significant financial losses, including a loss of service to numerous customers in Montgomery County.

¶ 10 PSWC, a public utility, is in the business of selling water to certain suburban counties outside the Philadelphia County limits. PSWC's principal place of business and registered offices are located in Montgomery and Delaware Counties. As a public utility, PSWC is regulated by the Public Utilities Commission ("PUC"). As such, the PUC regulates PSWC in its business and must issue a certificate of public convenience pursuant to 66 Pa. C.S.A. § 101 *et seq.* The PUC never has granted PSWC a certificate of public convenience enabling it to conduct business in Philadelphia County. Accordingly, PSWC does not sell water to any customer, which is PSWC's core business, in Philadelphia County.

¶ 11 PSWC has 324,000 customers, none of which are located in Philadelphia County. PSWC does not advertise or solicit business in Philadelphia County and derives no income from the sale of any water there. PSWC purchases neither supplies nor services from Philadelphia merchants or vendors, with the exception of limited legal services. Furthermore, PSWC provides no water management services in or for Philadelphia County residents.

¶ 12 The trial court, in reviewing the evidence adduced through discovery on the

venue issue, held that a sufficient nexus existed between certain of PSWC's isolated actions involving Philadelphia County to find that venue was proper there. Specifically, she found significant the fact that approximately one mile of PSWC's transmission pipeline runs through Philadelphia County, although it provides no water to Philadelphia County residents and accounts for only .036% of PSWC's overall piping system. Furthermore, the judge opined that a one-time purchase in the year 2000 of 300,000 gallons of water from the City of Philadelphia in Philadelphia County, which accounted for only .0007% of PSWC's overall water purchases over the last ten years, satisfied the quality and quantity requirement set forth in *Purcell, supra.*

¶ 13 The trial court found significant the deposition testimony of William Ross, Vice President of Engineering for PSWC, who testified that PSWC has and will continue to purchase water from the City of Philadelphia Water Department, as needed, and that PSWC has entered into other contracts with the City of Philadelphia enabling PSWC to purchase additional water from Philadelphia to supply its customers. Additionally, the trial court determined that joint water protection studies conducted by PSWC and the Philadelphia Water Department and protozoa analysis by the Philadelphia Water Department of PSWC's water constituted an additional nexus bolstering its holding that venue properly lies in Philadelphia County for this lawsuit.

¶ 14 In light of our analysis of Pennsylvania case law in this area, we find these contacts insufficient to establish venue in Philadelphia. For example, in *Purcell, supra,* our Supreme Court analyzed the question of whether certain contacts and contractual affiliations between Bryn Mawr Hospital, located in Montgomery

County, and Philadelphia County were sufficient to vest venue in Philadelphia County in a medical malpractice action. The Court examined the hospital's connection to residency programs in Philadelphia County, recruitment and employment of medical residents by Bryn Mawr Hospital from Philadelphia teaching hospitals, purchases of goods and services from businesses within Philadelphia County for furtherance of its business in Montgomery County, maintenance of advertisements in the Philadelphia County telephone directories, and placement of advertisements in the Philadelphia Inquirer. Despite these various affiliations, the Court concluded that Philadelphia was an improper venue for a negligence action filed by plaintiffs against Bryn Mawr Hospital and the medical personnel who cared for plaintiffs' deceased infant daughter. *Purcell,* 525 Pa. at 247, 579 A.2d at 1287.

¶ 15 More recently, in *Masel v. Glassman, supra,* this Court, following *Purcell,* determined that the plaintiff in a medical malpractice action demonstrated insufficient contacts between the defendant hospital and Philadelphia County for venue to lie there, despite the hospital's extensive advertising in Philadelphia newspapers and directories and various extensive contracts with Philadelphia vendors and institutions. There, we held that the nature of the contacts was incidental in nature and not directly tied to furthering the main purpose of the corporation. *Masel,* 456 Pa.Super. at 49, 689 A.2d at 318.

■ ¶ 16 In the case before us, it is undeniable that PSWC's contacts are minimal and incidental, at best. Moreover, we do not find that those contacts are essential to the furtherance of PSWC's business in any significant way. In comparing the nature of the contacts of PSWC to Philadelphia County in this case, we discern them to be far less in quantity, as well as

quality, than the contacts cited in *Purcell* and *Masel*. More specifically, we do not find that the "regularly conducts business" provision of Rule 2179 has been met. Therefore, because we find that PSWC had insufficient contacts with Philadelphia County to subject PSWC to suit there, we find that the trial court abused its discretion in overruling PSWC's preliminary objections to venue. Accordingly, the trial court's order docketed May 25, 2001 is reversed and the matter is remanded for entry of an order consistent with this Memorandum.[2]

¶ 17 Reversed and remanded. Jurisdiction relinquished.

___

**2.** Because we reverse on this basis, we do not reach PSWC's other assertions of error.