Paul DEUTSCHBAUER, Appellant,

v.

Fred BARAKAT, Esquire and Denise R. Bradley, Esquire, Appellees.

Superior Court of Pennsylvania.

Argued July 23, 2002.

Filed Dec. 20, 2002.

Albert L. Deutsch, Philadelphia, for appellant.

Jonathan D. Herbst, Philadelphia, for appellee.

Before: STEVENS, KLEIN, and TAMILIA, JJ.

OPINION BY STEVENS, J.

¶ 1 Paul Deutschbauer appeals from the order entered in the Court of Common Pleas of Philadelphia County sustaining the preliminary objections of Appellees, Fred Barakat, Esquire, and Denise Brad-ley, Esquire, and transferring venue of the underlying legal malpractice action from Philadelphia County to Berks County. Herein, Mr. Deutschbauer contends that, pursuant to Pennsylvania Rule of Civil Procedure 1006(a) and (c), the court erred in transferring venue. We affirm.

¶ 2 In July of 1994, Mr. Deutschbauer, a resident of Philadelphia County, was involved in an automobile accident in Crawford County. Thereafter, he retained Appellees to represent him in a personal injury action that Appellees commenced on July 1, 1996, by filing a writ of summons in Berks County. Following the court's issuance of a Termination Notice on May 4, 1998, and October 25, 2000, the matter was terminated on December 26, 2000 pursuant to Berks County local rules.

¶ 3 On May 11, 2001, Mr. Deutschbauer filed a complaint in the Court of Common Pleas of Philadelphia County alleging that Appellees were negligent in their handling of his personal injury action thereby resulting in a termination of the action by the court. Deputized service of the complaint was attempted by Delaware County Deputy Sheriff Robert Sides; however, service was not effectuated. Consequently, on October 2, 2001, Mr. Deutschbauer filed a Motion for Alternate Service, to which the court, on October 4, 2001, issued an order granting Mr. Deutschbauer leave to serve Appellees by legal publication. On November 13, 2001, Appellees filed preliminary objections challenging Philadelphia County as Mr. Deutschbauer's choice of venue. By Order dated December 19, 2001, the court sustained Appellees' preliminary objections and transferred the matter to Berks County. The present appeal by Mr. Deutschbauer followed.[1]

1. Mr. Deutschbauer filed a concise statement of matters complained of on appeal, to which

¶4 Herein, Mr. Deutschbauer contends that the change of venue was improper in that Appellees concealed their whereabouts to the court. He argues that Appellee Bradley either resided in or had a place of business in Philadelphia County and, therefore, pursuant to Pa.R.C.P. 1006(c), both are subject to service there and, thus, venue properly lies in that county.

¶5 Initially, we note that, although an order transferring venue in a civil action is interlocutory in nature, such order is appealable as of right. *See* Pa. R.A.P. 311(c).[2] In addition, the proper method of challenging venue in a civil action is by way of preliminary objections. *PECO Energy Co. v. Philadelphia Suburban Water Co.*, 802 A.2d 666 (Pa.Super.2002). Therefore, this case is properly before us.

> A plaintiff's choice of forum is given great weight and a defendant has the burden in asserting a challenge to the plaintiff's choice of venue. However, the trial court is vested with discretion in determining whether or not to grant a petition to transfer venue. We will not overturn the trial court's decision absent an abuse of that discretion. If there exists any proper basis for the trial court's decision to grant the petition to transfer venue, the decision must stand.

*Masel v. Glassman*, 456 Pa.Super. 41, 689 A.2d 314, 316 (1997) (citations, quotation, and quotation marks omitted).

¶6 Pennsylvania Rule of Civil Procedure 1006 states, in relevant part that:

> [A]n action against an individual may be brought in and only in a county in which the individual may be served or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any county authorized by law.

Pa.R.C.P. 1006(a). An individual may be served in any county where he is present and a copy of the original process is handed to him; at his residence by handing a copy to an adult member of the family or an adult in charge; or at any office/usual place of business by handing a copy to the individual's agent or the person in charge. *See* Pa.R.C.P. 402.

¶7 Furthermore, Pa.R.C.P. 1006(c), provides, in pertinent part, that:

> An action to enforce a joint or joint and several liability against two or more defendants, except actions in which the Commonwealth is a party defendant, may be brought against all defendants in any county in which the venue may be laid against any one of the defendants. . . .

Pa.R.C.P. 1006(c).

¶8 Herein, the parties do not contest that the underlying personal injury action was commenced by Appellees in Berks County. As stated by the trial court, although Mr. Deutschbauer contends that this action was mistakenly brought in Berks County, this issue need not be addressed at this time, since the issue at this juncture "is whether Philadelphia County is a proper venue for the instant legal malpractice claim." Trial Court Opinion filed 3/13/02 at 7.

¶9 Mr. Deutschbauer states that, at the time the underlying personal injury action was initiated by Appellees, they were prac-

---

the court issued an Opinion in response thereto.

**2.** Rule 311 provides, in pertinent part, that, "[a]n appeal may be taken as of right from an order in a civil action or proceeding changing venue, transferring the matter to another court of coordinate jurisdiction, or declining to proceed in the matter on the basis of forum non conveniens or analogous principles."

ticing law at the Chaddsford Professional Center in Delaware County. He adds, however, that at the time he initiated the present case against them, they no longer maintained a practice in that county. In this regard, we note that a review of the record does not indicate, nor do Appellees divulge, their place of residence. However, documentation reveals, and Appellee Fred Barakat, Esquire, swears, that he is an attorney with offices in Chester County.[3] Appellee Barakat also notes that Appellee Bradley is an attorney who does not maintain an office for the practice of law in Pennsylvania.

¶ 10 Based on the above facts, the trial court opined as follows:

> [T]he basis for [Mr. Deutschbauer's] legal malpractice action consists of those events that resulted in the underlying [personal injury] case being terminated by the court. Among the factors to consider are [Appellees'] failure to adequately follow through on the action filed in Berks County as required by the local rules, and/or to communicate with their client. This failure more likely than not occurred in [Appellees'] office located in Chester County or in the courthouse in Berks County. There are no allegations that [Appellees] did anything related to the underlying case in Philadelphia County.

> As stated, Rule 1006 specifically limits the counties of venue in an action against an individual to a county where the cause of action arose or a transaction or occurrence took place or where the individual may be served.

Trial Court Opinion filed 3/13/02 at 7–8.

¶ 11 Finding that Philadelphia County was neither the county where Appellees were served nor where the underlying legal malpractice cause of action arose,[4] the court concluded that venue properly lay in Berks County. We find that the court did not abuse its discretion in rendering this determination.

¶ 12 Based on the foregoing, we affirm the trial court's order transferring venue from Philadelphia County to Berks County.

¶ 13 Affirmed.

---

3. Appellees' preliminary objections to Mr. Deutschbauer's complaint state, *inter alia,* that Attorney Barakat has offices in Chester County. Attached to the preliminary objections is a verification signed by Attorney Barakat whereby he swears to the veracity of the statements contained in the preliminary objections.

4. Mr. Deutschbauer concedes that Appellees' nonfeasance, which formed the basis of his legal malpractice suit against them, took place "in their law offices in Delaware County." Brief of Mr. Deutschbauer at 12.