**Forrester v. Hanson**

348

*J. Davey Yockey,* for plaintiff.

*Thomas Goutman* and *Beatrice O'Donnell,* for defendants.

SYLVESTER, *J.,* December 10, 2004—Plaintiff, Kenneth G. Forrester, appeals from this court's order of September 14, 2004, transferring venue to Montgomery County.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff, Kenneth G. Forrester, brought suit on February 10, 2003, against original defendants Michael Hanson and Sea Gull Lighting System Inc., demanding $15 million in damages for personal injuries allegedly arising out of a motor vehicle accident that occurred on October 29, 2002, in Philadelphia. On April 8, 2004, original defendants filed a motion for leave to join additional defendant Gene Z. Salkind M.D., pursuant to Pa.R.C.P. 2252(a), alleging that, after the accident, plaintiff treated

with Dr. Salkind, who failed to adequately diagnose, treat, and prevent the progression of plaintiff's pre-existing neurological impairments. On June 4, 2004, this court granted original defendants leave to join Dr. Salkind, and ordered that a certificate of merit in compliance with the applicable provisions of the MCare Act be filed in conjunction with the joinder complaint. Plaintiff's motion for reconsideration of the June 4, 2004 order was denied on June 21, 2004.

Original defendants served Dr. Salkind with a joinder complaint on June 25, 2004. Dr. Salkind then objected, inter alia, to improper venue in Philadelphia on grounds that all medical treatment rendered by him to plaintiff occurred in Montgomery County. This court sustained Dr. Salkind's objection to improper venue by order dated September 14, 2004, and ordered the case transferred to Montgomery County. Plaintiff filed a notice of appeal from the aforesaid order on October 12, 2004. In response to this court's order, plaintiff filed a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) on October 26, 2004.

## LEGAL DISCUSSION

Plaintiff contends that the court erred in transferring venue to Montgomery County pursuant to Pa.R.C.P. 1006(a.1). This contention is without merit.

A trial court is vested with discretion in determining whether to grant an objection to transfer venue, and a reviewing court shall not overturn the trial court's decision absent an abuse of discretion. *PECO Energy v. Phila-*

*delphia Suburban Water Co.,* 802 A.2d 666, 668 (Pa. Super. 2002). The trial court's determination concerning venue depends on the facts and circumstances of each case and will not be disturbed if the trial court's decision is reasonable in light of those facts. See *Battuello v. Camelback Ski Corp.,* 409 Pa. Super. 642, 598 A.2d 1027 (1991).

Venue for a medical negligence action is found at Pa.R.C.P. 1006. Pa.R.C.P. 1006(a.1) provides: "Except as otherwise provided by subdivision (c), a medical professional liability action may be brought against a health care provider for a medical professional liability claim only in a county in which the cause of action arose." Pa.R.C.P. 1006(c)(2) provides: "If the action to enforce a joint or joint and several liability against two or more defendants includes one or more medical professional liability claims, the action shall be brought in any county in which the venue may be laid against any defendant under subdivision (a.1)." Instantly, Dr. Salkind is the only defendant against whom a medical professional liability claim has been brought. According to the allegations in the joinder complaint, all of the allegedly negligent acts and omissions occurred at either Dr. Salkind's office located at 727 Welsh Road in Huntington Valley, PA or at Holy Redeemer Hospital located at 1648 Huntingdon Pike, Meadowbrook, PA. In view of these allegations, venue in the instant case is proper only in Montgomery County pursuant to Pa.R.C.P. 1006(a.1) and (c)(2).

Plaintiff argues that the original defendants' joinder complaint against Dr. Salkind does not assert a medical professional liability claim because the complaint does

not assert a claim seeking the recovery for damages or loss, and thus, contends that Rule 1006(a.1) is inapplicable. This position is untenable. A medical professional liability claim is defined as "[a]ny claim seeking the recovery of damages or loss from a health care provider arising out of any tort or breach of contract causing injury or death resulting from the furnishing of health care services which were or should have been provided." 42 Pa.C.S. §5101.1(c). Here, original defendants have joined Dr. Salkind for the purpose of seeking a determination by the jury that Dr. Salkind is responsible for some or all of the monetary damages claimed by the plaintiff. The law makes no distinction between a claim of medical malpractice brought by a plaintiff and a claim of medical malpractice brought by a defendant against a co-defendant.

Plaintiff's complaint that the court erred in failing to sever the malpractice action from the motor vehicle action rather than transferring both actions to Montgomery County is also baseless. Instantly, the issue at trial is the liability for, and correct apportionment of, an award of damages between two groups of defendants, those responsible for a highway accident and those responsible for the alleged medical malpractice which followed. Generally applicable to all the rules of civil procedure is Pa.R.C.P. 126 which provides that "the rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable." This rule is particularly pertinent where multiple parties are involved in a case since the primary intent of the rules is to avoid multiplicity of suits by providing for the adjudication of all

rights and liabilities of those concerned in a single suit. Here, severance of the two actions would occasion duplicitous litigation involving the expensive presentation of expert testimony, and, thus, this court properly refused to sever them.

Finally, plaintiff claims that this court's approval of the original defendants' joinder complaint and its interpretation of Pa.R.C.P. 1006(a.1) improperly allowed forum shopping on the part of the original defendants. This contention is entirely without merit.

Instantly, plaintiff alleges he is catastrophically injured as a result of a motor vehicle accident which the original defendants characterize as a "minor rear-end collision" or "something less than a fender bender," and demands $15 million in damages from original defendants. Original defendants filed an expert proffer in connection with their motion for leave to file a joinder complaint in which their medical expert concluded that he "do[es] not believe that any of the claimed injuries were caused by the accident, rather these injuries were caused by pre-existing conditions or were caused by Dr. Salkind's negligent care." In view of these circumstances, plaintiff's position that original defendants' motive to join Dr. Salkind was simply a pretext to secure a change of venue is incredible. Faced with a demand for $15 million in damages, original defendants quite properly joined Dr. Salkind under Pa.R.C.P. 2252 as the person solely or severally liable for plaintiff's damages.

In view of the foregoing, it is the opinion of this court that its order transferring venue to Montgomery County should be affirmed.