J-A17030-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BETH FEGER AND KERRY FEGER, INDIVIDUALLY AND AS CO-ADMINISTRATORS OF THE ESTATE OF LOUISE FEGER, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| MICHAEL J. FIORILLO, ESQUIRE AND FIORILLO LAW OFFICES, | |
| Appellees | No. 2888 EDA 2014 |

Appeal from the Order Entered August 29, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 3955 March Term, 2013

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and OTT, J.

MEMORANDUM BY BENDER, P.J.E.:                 **FILED JULY 22, 2015**

Appellants, Beth and Kerry Feger (hereinafter collectively referred to as "the Fegers"), individually and as co-administrators of the estate of their deceased mother, Louise Feger (hereinafter referred to as "the decedent"), appeal from the trial court's August 29, 2014 order sustaining Appellees', Michael J. Fiorillo, Esq., and Fiorillo Law Offices (hereinafter collectively referred to as "Fiorillo"), preliminary objection asserting improper venue. The order also directed that this case be transferred to the Court of Common Pleas of Schuylkill County.  After careful review, we affirm.

By way of background, Fiorillo represented the decedent when State Auto Property and Casualty Insurance Company (hereinafter "State Auto")

filed an insurance fraud lawsuit against her in the U.S. District Court for the Eastern District of Pennsylvania, which is located in Philadelphia County. During the course of that lawsuit, State Auto filed a motion for summary judgment, to which Fiorillo allegedly did not file a timely response on decedent's behalf. On January 8, 2009, the district court granted State Auto's motion for summary judgment against the decedent.

Thereafter,

[o]n February 12, 2010, [] Fiorillo sent a letter to the [district] [c]ourt representing that [the Fegers] would be willing to pay $25,000 to settle State Auto's claims against [the decedent]. [The decedent] passed away a few days later. … Fiorillo then filed a Motion to Withdraw as Counsel for [the Fegers] citing financial hardship. In March of 2012, State Auto filed suit against [the] Feger[s] alleging fraudulent conveyance of [the decedent's] home which [the] … Feger[s] had purportedly purchased for $1 on February 11, 2009.

Trial Court Opinion (TCO), 12/23/14, at 3 (footnoted citations to the record omitted).

On March 11, 2014, the Fegers filed a complaint against Fiorillo in Philadelphia County, asserting various legal malpractice claims. The trial court summarized the Fegers' assertions, as follows:

[The Fegers] claim that … Fiorillo negligently failed to respond to State Auto's … [m]otion for [s]ummary [j]udgment. [The] … Feger[s] also allege that they never authorized … Fiorillo to offer $25,000 to settle State Auto's claims against their mother. [The] … Feger[s] also allege that … Fiorillo was never authorized to represent them. Thus, [the Fegers] contend that … Fiorillo's misrepresentations to the Court during the underlying Eastern District of Pennsylvania litigation are actionable.

TCO at 3-4 (footnoted citations to the record omitted).

After the Fegers filed their complaint, Fiorillo filed a timely preliminary objection, contesting venue in Philadelphia County. A hearing was conducted on August 18, 2014. On August 29, 2014, the court issued an order sustaining Fiorillo's preliminary objection and directing that the case be transferred to the Court of Common Pleas of Schuylkill County, where Fiorillo's residence and law office are located.

The Fegers filed a timely notice of appeal.[1] Herein, they raise one question for our review:

> 1. Was the trial court's August 29, 2014 order transferring venue a clear error of law and/or abuse of discretion because the trial court erroneously applied Pa. R.C.P. 2179 (a)(2) instead of Pa. R.C.P. 1006 (a)(1) as to Defendant/Appellee Fiorillo, and Pa. R.C.P. 2179 (a)(2) instead of Pa. R.C.P. 2179 (a)(3) or (a)(4) as to Defendant[/]Appellee Fiorillo Law Offices in deciding Defendants'/Appellees' motion to transfer venue?

Fegers' Brief at 2 (unnecessary capitalization omitted).

Initially, as the trial court noted, it "is accorded 'considerable discretion in determining whether or not to grant a petition for change of venue, and the standard of review is one of abuse of discretion.'" *Zampana-Barry v. Donaghue*, 921 A.2d 500, 503 (Pa. Super. 2007) (quoting *Purcell v. Bryn Mawr Hospital*, 579 A.2d 1282, 1284 (Pa.

---

[1] "[A]lthough an order transferring venue in a civil action is interlocutory in nature, such order is appealable as of right." *Deutschbauer v. Barakat*, 814 A.2d 246, 248 (Pa. Super. 2002) (citing Pa.R.A.P. 311(c)).

1990)).[2] This Court has repeatedly stated that "[i]f there exists any proper basis for the trial court's decision to grant the petition to transfer venue, the decision must stand." *Deutschbauer*, 814 A.2d at 248 (quoting *Masel v. Glassman*, 689 A.2d 314, 316 (Pa. Super. 1997)). Moreover, our Supreme Court "has described the heavy burden facing the appellant from a discretionary trial court determination: '[I]t is not sufficient to persuade the appellate court that it might have reached a different conclusion if, in the

_____

[2] We point out that the trial court further stated:

> The plaintiff's choice of forum is given great weight. The party seeking a change of venue "bears the burden of proving that a change of venue is necessary, while a plaintiff generally is given the choice of forum so long as the requirements of personal and subject matter jurisdiction are satisfied."

TCO at 4 (footnotes omitted). Fiorillo challenges this portion of the trial court's decision, arguing that "the doctrine that plaintiff's choice of forum should be given deference does not apply where the only question is whether venue in a particular county is proper or not proper." Fiorillo's Brief at 5 (citing *Kring v. University of Pittsburgh*, 829 A.2d 673 (Pa. Super. 2003)). We agree with Fiorillo's reading of *Kring*. *See Kring*, 829 A.2d at 676 (concluding that the presumption in favor of a plaintiff's choice of forum has no application where the trial court was faced not with a question of *forum non conveniens*, but with the question of whether venue was or was not proper in a particular county). Here, Fiorillo argued in the preliminary objection "that Philadelphia County is an *improper* venue for Plaintiff's action." Preliminary Objection, 3/31/14, at 8 ¶ 55 (emphasis added). Additionally, the trial court's August 29, 2014 order stated that it was sustaining Fiorillo's and the law firm's "[p]reliminary [o]bjection raising *improper* venue…." Trial Court Order, 8/29/14 (emphasis added). Accordingly, we agree with Fiorillo that pursuant to *Kring*, we do not apply a presumption in favor of the Fegers' choice of forum in this case.

first place, charged with the duty imposed on the court below; it is necessary to go further and show an abuse of the discretionary power.'" ***Brown v. Delaware Valley Transplant Program***, 538 A.2d 889, 891 (Pa. Super. 1988) (quoting ***In re Mackarus' Estate***, 246 A.2d 661, 666-667 (Pa. 1968) (citation omitted)).

In this case, the trial court decided to grant the petition to transfer venue to Schuylkill County, where Fiorillo and the law firm are located, because Fiorillo only appeared in the U.S. District Court located in Philadelphia County "to defend [the decedent] because that is where she was sued. The mere fact of defending a client in the Eastern District of Pennsylvania when she is sued, without greater involvement in the County of Philadelphia, does not subject the attorney to venue in Philadelphia County Court of Common Pleas." TCO at 4-5.

The Fegers interpret the court's language as indicating that it decided Fiorillo's change of venue motion under Pa.R.C.P. 2179(a)(2), which states: "[A] personal action against a corporation or similar entity may be brought in and only in [] a county where it regularly conducts business[.]" They maintain, however, that Rule 2179(a)(2) "is *one* predicate for venue as to a corporation, but not *the exclusive* predicate…." Fegers' Brief at 6 (emphasis added). The Fegers also argue that because Rule 2179 "applies only to 'corporations or similar entities[,'] … not individuals, … the trial court's application of this Rule to decide the venue appropriate for Mr. Fiorillo was … erroneous." ***Id.***

The Fegers go on to contend that venue in Philadelphia County is proper under Pa.R.C.P. 1006(a)(1) and 2179(a)(4). Rule 1006(a)(1), which would pertain to the action against Fiorillo, as an individual, states:

(a) Except as otherwise provided by subdivisions (a.1), (b) and (c) of this rule, an action against an individual may be brought in and only in a county in which

(1) the individual may be served or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law[.]

Pa.R.C.P. 1006(a)(1). Rule 2179(a)(4), which governs venue in the action against the law firm, reads:

(a) Except as otherwise provided by an Act of Assembly, by Rule 1006(a.1) or by subdivision (b) of this rule, a personal action against a corporation or similar entity may be brought in and only in

* * *

(4) a county where a transaction or occurrence took place out of which the cause of action arose[.]

Pa.R.C.P. 2179(a)(4).

The Fegers assert that here, the cause of action against both Fiorillo and the law firm arose in Philadelphia County. They reason:

[T]he central thrust of [the Fegers'] malpractice claims is that … Fiorillo negligently failed to respond to an August 20, 2008 motion by State Auto for leave to file for summary judgment … and, when that motion was granted as unopposed, [Fiorillo] also failed to respond to the summary judgment motion itself, which was also granted as unopposed.

Applying the venue rules to these facts, it is clear that venue in Philadelphia County is proper. Fiorillo failed to file responsive pleadings at a court physically located in Philadelphia

- 6 -

County. These omissions are the factual predicate for the Fegers' claims. Consequently, Philadelphia County is where "the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose[,"] Pa. R.C.P. 1006 (a)(1), and venue … is proper as to Defendant/Appellee Fiorillo. Similarly, Philadelphia County is "a county where a transaction or occurrence took place out of which the cause of action arose[,"] Pa. R.C.P. 2179 (a)(4), and venue is proper as to Defendant/Appellee Fiorillo Law Offices.

Fegers' Brief at 5-6.

In response, Fiorillo argues that venue is not proper in Philadelphia County because "Fiorillo's purported 'failure' occurred within his law offices, located in Schuylkill County." Fiorillo's Brief at 7. Fiorillo relies on this Court's decision in **Deutschbauer** to support his argument. In that case, Deutschbauer was represented by two attorneys ("the appellees") who commenced a personal injury action on Deutschbauer's behalf in Berks County. **Deutschbauer**, 814 A.2d at 247. Deutschbauer's personal injury action was ultimately terminated because the appellees failed to "adequately follow through on the action filed in Berks County as required by local rules…." *Id.* at 249. Deutschbauer subsequently filed a legal malpractice action against the appellees in Philadelphia County, where Deutschbauer resided. *Id.* at 247. The trial court sustained the appellees' preliminary objection to venue in Philadelphia County and transferred the case to Berks County, reasoning that the appellees' purported malpractice "more likely than not occurred *in [the] [a]ppellees' office* located in Chester County or in the courthouse in Berks County." *Id.* at 249 (emphasis added).

Here, Fiorillo focuses *only* on the above-emphasized language to contend that his purported malpractice occurred in his office, which is located in Schuylkill County. However, he ignores the last portion of that sentence in **Deutschbauer**, which states, "*or in the courthouse in Berks County*."[3] **Id.** (emphasis added). Fiorillo also disregards that the trial court in **Deutschbauer** ultimately "concluded that venue properly lay in Berks County[,]" and this Court affirmed that decision on appeal. **Id.**

Nevertheless, this Court did not explicitly reject the trial court's conclusion in **Deutschbauer** that the appellees' purported malpractice occurred *either* in their office in Chester County, *or* in the courthouse in Berks County. Consequently, our decision in **Deutschbauer** supports a conclusion that the legal malpractice cause of action against Fiorillo *could have* arisen in Schuylkill County, where Fiorillo's law office is located. As such, the trial court had a proper basis for transferring this case to Schuylkill County, and that decision was not an abuse of discretion.

Order affirmed.

Judge Ott joins this memorandum.

_____

[3] Indeed, Fiorillo completely omits this language from his discussion of **Deutschbauer** in his appellate brief. **See** Fiorillo's Brief at 7 (presenting the at-issue quotation from **Deutschbauer**, as follows: "This failure more likely than not occurred in [the attorneys'] office located in Chester County…."). We acknowledge, however, that Fiorillo's counsel sent to this Court, and opposing counsel, a letter dated June 24, 2015, acknowledging that he mistakenly omitted the second part of the sentence in **Deutschbauer**, and apologizing for this misstatement of the case.

President Judge Gantman concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/22/2015