J-A29016-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| Q.M., A MINOR BY HIS LEGAL GUARDIAN LISA JABBAR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 594 WDA 2024 |
| GEORGE JUNIOR REPUBLIC IN PENNSLVANIA CORPORATION | : | |

Appeal from the Order Entered April 29, 2024
In the Court of Common Pleas of Mercer County Civil Division at No(s):
2020-2287

BEFORE:  OLSON, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY LANE, J.:                    **FILED: May 7, 2025**

Q.M.[1] appeals from the order denying his motion to reconsider and modify the order denying his motion to transfer venue of the action.[2]  After careful review, we are constrained to affirm.

The trial court summarized the relevant factual and procedural history of this matter as follows:

_____

[1] At the inception of this lawsuit, Q.M. was a minor, and was represented by his legal guardian, Lisa Jabbar.  However, Q.M. has since reached his majority and is no longer represented by his legal guardian.

[2] Although an order denying a motion to transfer venue is generally regarded as an interlocutory order, as is an order denying reconsideration of such an order, the trial court amended its order to specify that a substantial issue of venue was presented, thereby permitting an appeal as of right from the order. **See** Pa.R.A.P. 311(b)(2) (providing that an appeal as of right may be taken from an order sustaining venue in a civil action where the court states in the order that a substantial issue of venue is presented).

This matter was initiated by [Q.M.] filing a complaint [against George Junior Republic in Pennsylvania Corporation ("George Junior")] on June 18, 2017[,] in Philadelphia County. [Q.M.] was then a minor, but is now an adult. It is alleged that [he] was beaten by staff at [George Junior's] residential treatment facility here in Mercer County, Pennsylvania. One month later, [Q.M.] filed an amended complaint alleging [he] suffered emotional distress. [Q.M.] filed a motion seeking [a] determination of necessity of filing a certificate of merit. A Philadelphia court found that the amended complaint required a certificate of merit. The relevant order was certified for appeal and [Q.M.] appealed, but the appeal was quashed by the Superior Court[,] and the Pennsylvania Supreme Court denied [his] petition for allowance of appeal. [Q.M. thereafter] filed a certificate of merit. The expert was a forensic psychologist. [George Junior] filed a motion to transfer the case to Mercer County based on former Pa.R.C.P. 1006(a.1). [George Junior's] motion to transfer the case was granted by order dated July 8, 2020.

On March 28, 2023, [Q.M.] filed a motion to transfer the case back to Philadelphia County. [Q.M.] has argued that this is appropriate due to the rescission of Pa.R.C.P. 1006(a.1) by an August 25, 2022 Pennsylvania Supreme Court order effective January 1, 2023. One month later, by order dated April 28, 2023, this court denied [Q.M.'s] motion. On May 30, 2023, [Q.M.] filed a motion to reconsider and modify the April 28, 2023 order. This court entered an order on February 9, 2024[,] requiring [George Junior] to show cause why the case should not be sent back to Philadelphia County. [George Junior] filed a response on February 26, 2024. This court denied [Q.M.'s] motion to reconsider by order dated April 1, 2024. This court certified said order for appeal and [Q.M.] now appeals from the order. [Both Q.M. and the trial court complied with Pa.R.A.P. 1925.]

Trial Court Opinion, 6/20/24, at 1-2 (unnecessary capitalization and emphasis omitted).

Q.M. raises the following issue for our review:

Whether the trial court erred as a matter of law declining to apply the Supreme Court of Pennsylvania's rescission of Pa.R.C.P. No. 1006(a.1) retroactively and modify its April 28, 2023, order directing a transfer of venue of this matter to the Court of

Common Pleas Philadelphia County pursuant to Pa.R.C.P. No. 2179 and the requirement that the plaintiff[']s choice of venue be accorded the great weight and deference?

Q.M.'s Brief at 5.

On review of a trial court decision regarding venue, we will reverse only for an abuse of discretion. *See Battuello v. Camelback Ski Corp.*, 598 A.2d 1027, 1028 (Pa. Super. 1991). This determination depends on the individual facts of each case and will not be disturbed if the trial court's decision is a reasonable one in view of those facts. *See id*.

Venue relates to the right of a party to have the controversy brought and heard in a particular judicial district. *McGinley v. Scott*, 164 A.2d 424, 427-28 (Pa. 1960). Venue is predominately a procedural matter, generally proscribed by rules of this Court. *Id*. at 429. A plaintiff's choice of forum should be given great weight, and a defendant has the burden in asserting a challenge to the plaintiff's choice of venue. *See PECO Energy v. Phila. Water Co.*, 802 A.2d 666, 668 (Pa. Super. 2002). Corporations have a constitutional right to seek a change of venue, and the proper method for challenging venue in a civil action is by way of preliminary objections. *See id*.

The General Assembly granted our Supreme Court general supervisory and administrative authority over the unified judicial system and also granted the Court certain enumerated powers to effect this authority. *See* 42 Pa.C.S.A. § 1701. One of the Court's powers is the power to prescribe and

- 3 -

modify general rules governing the practice, procedure, and conduct of all courts. ***See*** 42 Pa.C.S.A. § 1722(a). The Rules of Civil Procedure promulgated by the Supreme Court have the force of a statute. ***See Dombrowski v. City of Philadelphia***, 245 A.2d 238, 241 n.4 (Pa. 1968); ***see also Maddas v. Dehaas***, 816 A.2d 234, 238-39 (Pa. Super. 2003). Additionally, the Rules of Civil Procedure bind the courts of the unified judicial system and those who practice and appear before it. ***See Maddas***, 816 A.2d at 239.

Pursuant to Pa.R.C.P. 2179, venue in a civil action against a corporation may be brought in a county where: (1) the registered office or principal place of business of the corporation is located; (2) the corporation regularly conducts business; (3) the cause of action arose; (4) a transaction or occurrence took place out of which the cause of action arose; or (5) the property or a part of the property, which is the subject matter of the action, is located provided that equitable relief is sought with respect to the property. ***See*** Pa.R.C.P. 2179(a).

Rule 1006 generally pertains to venue in a civil action against an individual. However, in 2003, the Pennsylvania Supreme Court amended Rule 1006 to provide for the following: "(a.1) Except as otherwise provided by subsection (c), a medical professional liability action may be brought against a health care provider for a medical professional liability claim only in a county

in which the cause of action arose." Pa.R.C.P. 1006(a.1).[3] This amendment was part of "a constellation of changes associated with the MCARE Act . . . [and] was intended to address a medical malpractice crisis within Pennsylvania at the time through patient safety, insurance reform, trial conduct, and procedural changes." *In re: Order Amending Rules 1006, 2130, 2156, & 2179 of the Pa. Rules of Civil Procedure*, 2022 Pa. LEXIS 1254, at \*6 (Pa. 2022). However, in 2022, our Supreme Court indicated that a majority of the Civil Procedural Rules Committee did not find justification for the continued disparate treatment of victims of medical malpractice as it pertains to venue. *See id*. The High Court explained that impact of the restrictive venue rules was such that the savings accruing to defendants represented less-than-full compensation to plaintiffs for their injuries. *See id*. Accordingly, the Court rescinded Rule 1006(a.1) effective January 1, 2023. *See id*.

Relevantly, there is a presumption against a retroactive effect to a statute. *See* 1 Pa.C.S.A. § 1926. Because a rule promulgated by the Supreme Court has the same effect as a statute, the presumption against a retroactive

---

[3] The note immediately following the newly added subsection referenced 42 Pa.C.S.A. § 5101.1(c) for the definitions of health care provider, medical professional liability action, and medical professional liability claim. That statute defines "medical professional liability claim" as "any claim seeking the recovery of damages for loss from a health care provider arising out of any tort or breach of contract causing injury or death resulting from the furnishing of health care services which were or should have been provided." 42 Pa.C.S.A. § 5101.1(c).

effect is equally applicable to a rule of civil procedure. ***See Maddas***, 816 A.2d at 241. Instead, a rule or an amendment to a rule is effective upon the date specified by the Supreme Court. ***See*** Pa.R.C.P. 52(a).

With this background in mind, we turn to Q.M.'s arguments on appeal. He contends that venue is a matter of procedure and not substance, and the rescission of Rule 1006(a.1) does not impact substantive rights. Q.M. argues that, based on the High Court's rescission of Rule 1006(a.1), "there exists no impediment to the retroactive operation of an amendment to a rule of procedure or statute which involves only a procedural change and no revision of a substantive right." Q.M.'s Brief at 12. Q.M. further argues that "procedural amendments may be retroactively applied to ongoing proceedings or to rights that inured before the adoption of the procedural amendment of concern." ***Id***. at 12-13. On this basis, Q.M. asserts that the Supreme Court's order rescinding Rule 1006(a.1) may be retroactively applied, and requests that this Court reverse the trial court's order denying his motion to transfer venue back to Philadelphia County on this basis.

The trial court considered Q.M.'s issue and determined that it lacked merit. The court reasoned:

> The . . . Statutory Construction Act provides that no statute is to be construed to be retroactive unless clearly and manifestly so intended by the General Assembly. ***See*** 1 Pa.C.S. § 1926. Although the rescission of Pa.R.C.P. 1006(a.1) was not done by the General Assembly, the court is of the opinion that a general rule against retroactivity in the law should be herein considered.

This Court decided that even if it may apply the rescission of the Rule retroactively, it should not. This is a 2017 case, and [Q.M.'s] counsel has said that he expects his case to be simple at trial in that it will center on the playing of a video of the alleged beating. The case has continued for approximately seven years. Notwithstanding the age of this case, this court has had to recently decide discovery motions. A case management order has finally been entered and the court expects a trial here in Mercer County. The parties, witnesses and counsel should have had this expectation for years now. This court initially denied [Q.M.'s] March 28, 2023 motion to transfer the case back to Philadelphia County. Thus, this court does not find that it is dispositive whether or not the decisions of the Philadelphia Court approximately seven years ago were correct.

Trial Court Opinion, 6/20/24, at 3-4 (unnecessary capitalization omitted).

Based on our review, we discern no abuse of discretion by the trial court. In so doing, we emphasize that the sole argument raised in this appeal is that the trial court abused its discretion by not retroactively applying the Supreme Court's rescission order. As explained above, there is a presumption against a retroactive effect to a rule promulgated by the Supreme Court. *See* 1 Pa.C.S.A. § 1926; *see also Maddas*, 816 A.2d at 241. Here, the amendment to Rule 1006(a.1) became effective on January 1, 2024. Therefore, the amended rule can only be applied as of its January 1, 2024 effective date. *See Maddas*, 816 A.2d at 241. Accordingly, we discern no abuse of discretion by the trial court in declining to retroactively apply the amendment back to 2020, when the case was initially transferred to Mercer County.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 05/07/2025