689 A.2d 314

**Theresa C. MASEL, in Her Own Right and as Executrix of the Estate of Robert B. Masel, Deceased, Appellant,**

v.

**Gary GLASSMAN, M.D., Gary Glassman, M.D., d/b/a Langhorne Physician Services, Langhorne Physician Services, and St. Mary Hospital and Medical Center.**

Superior Court of Pennsylvania.

Argued Oct. 31, 1996.

Filed Feb. 13, 1997.

42

James E. Beasley, Philadelphia, for appellant.

Alan S. Gold, Elkins Park, for Glassman, appellee.

Eileen Lampe, Philadelphia, for Langhorne Physician Services and St. Mary Hospital and Medical Center, appellee.

Before CAVANAUGH and BECK, JJ., and CERCONE, President Judge Emeritus.

CERCONE, President Judge Emeritus:

This is an appeal from the order of the lower court which sustained the preliminary objections of defendants Gary Glassman, M.D., Langhorne Physician Services and St. Mary Hospital and Medical Center and transferred the action to the Court of Common Pleas of Bucks County. We affirm.

According to the Complaint, on September 28, 1994, Robert B. Masel went to the emergency room at St. Mary Hospital seeking treatment for pain in his jaw, neck, upper arms and shoulders. Dr. Glassman examined Masel and noted in the hospital records:

Awoke with bilat. TMJ pain tonight; also had similar episodes x2 in recent past; also has bilateral shoulder pain. . . . MI in father, age 56.

Plaintiff's Complaint, ¶ 11. Dr. Glassman diagnosed Masel as having "non-specific neck and shoulder pain" and prescribed a muscle relaxant. *Id.* ¶ 13. The discharge instructions stated "You [Masel] must see your doctor or go to the emergency room right away . . . if you have . . . increased pain, or pain that radiates to the arm, neck or abdomen." *Id.* ¶ 15. According to the Complaint, these are the exact symptoms which Masel presented to the emergency room. *Id.* Masel drove himself home from the emergency room. About one and one-half hours later, a jogger found Masel slumped over the passenger's side of his vehicle, one block from his home. *Id.* ¶ 17. An autopsy revealed that Masel suffered and died from cardiac arrest. *Id.* ¶ 20.

Appellant Theresa C. Masel, decedent's wife (hereinafter "plaintiff"), filed the instant medical malpractice action against defendants in Philadelphia County. The lower court permitted discovery on contested issues of fact. St. Mary Hospital and Langhorne Physician Services filed preliminary objections

asserting improper venue. The Court of Common Pleas of Philadelphia County sustained the objections and transferred the matter to the Court of Common Pleas of Bucks County. Thereafter, plaintiff filed the instant timely appeal.

Plaintiff raises two issues for our review:

I. Where venue would have been proper in either *Delaware* County or *Montgomery* County, and the plaintiff stated that if the court were to transfer the action, she would prefer that it be either to *Delaware* County (her first choice) or *Montgomery* County (her second choice), did the trial judge abuse his discretion in transferring the case to *Bucks* County (*defendants'* preferred forum), *without not even considering the plaintiff's preferences?*

II. Did the trial judge abuse his discretion in transferring this matter from Philadelphia County?

Plaintiff's brief at 3 (emphasis in original). For purposes of clarity, we shall address plaintiff's second allegation of error first.

Plaintiff argues that the trial judge abused his discretion in transferring the matter out of Philadelphia County. According to plaintiff, both St. Mary Hospital and Langhorne Physician Services conduct sufficient activities so as to subject them to service of process in Philadelphia. We disagree.

"A plaintiff's choice of forum is given great weight and a defendant has the burden in asserting a challenge to the plaintiff's choice of venue." *Shears v. Rigley,* 424 Pa.Super. 559, 564, 623 A.2d 821, 824 (1993). However, the trial court is vested with discretion in determining whether or not to grant a petition to transfer venue. *Mathues v. Tim–Bar Corp.,* 438 Pa.Super. 231, 234, 652 A.2d 349, 351 (1994). We will not overturn the trial court's decision absent an abuse of that discretion. *Purcell v. Bryn Mawr Hospital,* 525 Pa. 237, 242–43, 579 A.2d 1282, 1284 (1990). If there exists any proper basis for the trial court's decision to grant the petition to transfer venue, the decision must stand. *In Re Mackarus' Estate,* 431 Pa. 585, 596, 246 A.2d 661, 666–67 (1968). *Accord Shears v. Rigley,* 424 Pa.Super. at 563–65, 623 A.2d at 824.

The parties agree that St. Mary Hospital is a Pennsylvania corporation. It is well-settled that corporations have a constitutional right to seek a change of venue. *Purcell v. Bryn Mawr Hospital,* 525 Pa. at 242, 579 A.2d at 1284 (citing *Felts v. Delaware, Lackawanna and Western Railroad, et al.* 195 Pa. 21, 45 A. 493 (1900)). The Pennsylvania Rules of Civil Procedure dictate where a cause of action may be properly filed against a corporation:

> (a) Except as otherwise provided by an Act of Assembly or by subdivision (b) of this rule, a personal action against a corporation or similar entity may be brought in and only in
>
> > (1) the county where its registered office or principal place of business is located;
> >
> > **(2) a county where it regularly conducts business;**
> >
> > *Note:* See Rule 2198.
> >
> > (3) the county where the cause of action arose; or
> >
> > (4) a county where a transaction or occurrence took place out of which the cause of action arose.

Pa. R.C.P., No. 2179(a), 42 Pa.C.S.A. (emphasis added). Here, plaintiff contends that venue in Philadelphia is proper because St. Mary Hospital regularly conducts business in Philadelphia.

In determining where a corporation "regularly conducts business," this court must focus on the nature of the acts the corporation allegedly performs in that county; those acts must be assessed both as to their quantity and quality. *Mathues v. Tim–Bar Corp.,* 438 Pa.Super. at 234, 652 A.2d at 351.

> "Quality of acts" means "those directly, furthering or essential to, corporate objects; they do not include incidental acts." Quantity means those acts which are "so continuous and sufficient to be general or habitual." ... [T]he acts of the corporation must be distinguished: those in "aid of a main purpose" are collateral and incidental, while "those necessary to its existence" are "direct."

*Purcell v. Bryn Mawr Hospital,* 525 Pa. at 243–45, 579 A.2d at 1285 (quoting *Shambe v. Delaware and Hudson Railroad Co.,* 288 Pa. 240, 248, 135 A. 755, 755 (1927)).

■ According to plaintiff, St. Mary Hospital advertises in Philadelphia publications to attract patients and personnel. Plaintiff alleges activity of appellees by listing advertisements in *The Philadelphia Inquirer*, the *Catholic Standard & Times*, the *Philadelphia Business Journal* (to encourage employees to enter into contracts with the hospital for health care), *Graphic News–Hospital News*, (encouraging physicians to refer patients to the hospital's cancer program) and the *Reuben H. Donnelley Directory*. Plaintiff additionally lists numerous contracts entered into by St. Mary Hospital with Philadelphia hospitals. Finally, plaintiff asserts that St. Mary Hospital buys equipment from Philadelphia and maintains educational affiliations with Philadelphia institutions. However, we find these contacts insufficient to establish venue in Philadelphia pursuant to our Supreme Court's holding in *Purcell v. Bryn Mawr Hospital, supra.*

In *Purcell*, the plaintiffs filed a negligence action against Bryn Mawr Hospital and the doctors and nurse involved in the care of their deceased infant daughter. The trial court determined venue to be proper because the hospital:

(a) has contractual affiliations with residency programs of teaching hospitals in Philadelphia, which include Thomas Jefferson University Hospital, Hospital of the University of Pennsylvania, and Temple University Hospital;

(b) recruits and employs *medical* residents from the aforementioned Philadelphia teaching hospitals for the performance of services to patients of Bryn Mawr Hospital in Montgomery County;

(c) purchases goods and services from business(es) in Philadelphia County for the furtherance of its business in Montgomery County;

(d) maintains and pays for advertisements listing the hospital in the Philadelphia County Yellow Pages;

(e) maintains and pays for advertisements in the White Page Telephone Directory of Philadelphia County;

(f) places continuous advertisements in the Philadelphia Inquirer for distribution primarily in Philadelphia County; and

(g) accepts a portion of its income from residents of Philadelphia County, who, for whatever reason, whether it be advertising, telephone listings or other reasons, chose Bryn Mawr Hospital for treatment.

*Purcell,* 525 Pa. at 241–42, 579 A.2d at 1283–84. The Superior Court affirmed [1] and the matter was appealed to the Pennsylvania Supreme Court.

The Supreme Court reversed the lower courts holding that Philadelphia was an improper venue for the matter. The Supreme Court afforded little weight to the fact that Bryn Mawr Hospital rotated and utilized medical personnel from Philadelphia institutions. *Purcell v. Bryn Mawr Hospital,* 525 Pa. at 247, 579 A.2d at 1287. Additionally, our Supreme Court opined:

[W]e find it to be patently evident that the mere purchase of hospital supplies from Philadelphia merchants cannot form a satisfactory rationale for conferring venue. It is equally clear that advertisements in Philadelphia's phone books and newspapers also fail to meet our standards for the exercise of venue. Mere solicitation of business in a particular county does not amount to conducting business.

*Id.* at 248, 579 A.2d at 1287. Plaintiff does not cite, and we cannot find, any facts which would distinguish those in the instant case from the facts in *Purcell.* Based upon the Supreme Court's holding in *Purcell,* we agree with the trial court's determination that venue in Philadelphia is not proper as to St. Mary Hospital and find no abuse of discretion in this regard.

Plaintiff also argues that venue in Philadelphia County is proper as to defendant Langhorne Physician Services. Plaintiff asserts that Langhorne is a partnership or unincorporated association. However, the certified record discloses that

1. *Purcell v. Bryn Mawr Hospital,* 379 Pa.Super. 626, 550 A.2d 1320 (1988).

Langhorne Physician Services is a non-profit Pennsylvania corporation registered with the Pennsylvania Corporations Bureau on June 6, 1989. N.T. 8/24/95 (deposition testimony of Stephen O. Scogna) at 9, 10; Reply to Plaintiff's Supplemental Brief in Support of Plaintiff's Response to the Preliminary Objections of Defendants St. Mary Medical Center and Langhorne Physician Services, Exhibit A (affidavit of attorney representing Langhorne Physician Services, Della Capozzi Payne). Accordingly, we apply Pa. R.C.P., No. 2179(a), 42 Pa.C.S.A., *supra.*

■ Plaintiff contends that venue in Philadelphia is proper because (a) Langhorne Physician Services receives 20% of its gross revenues from Philadelphia third-party payers; (b) Philadelphia residents account for 3% of its gross revenues; and (c) Langhorne has used a Philadelphia recruitment agency to hire new physicians. However, in assessing the quality and quantity of these acts by Langhorne, we find that Langhorne's actions are not sufficient to establish venue in Philadelphia County.

It is evident from the record that Langhorne Physician Services maintains contracts with third-party payors located in Philadelphia County. However, the contracts are incidental in nature to Langhorne's primary purpose of providing medical personnel for St. Mary Hospital and medical services in Bucks County. Deposition of Stephen O. Scogna dated 8/24/95 at 13. The third-party payor contracts provide only for a discounted rate for the services provided by Langhorne Physician Services. *Id.* at 22. Langhorne performs these services only in Bucks County. *Id.* at 10. Because the contact with third-party payors in Philadelphia is incidental in nature, we find the contact insufficient to subject Langhorne Physician Services to venue in Philadelphia County.

Plaintiff asserts that Philadelphia residents account for 3% of Langhorne Physician Services gross revenues. However, all services are provided in Bucks County. Plaintiff does not point to, and we cannot find, corporate activities taking place in Philadelphia County which directly further or are essential

to the corporate object. *Purcell v. Bryn Mawr Hospital,* 525 Pa. at 244, 579 A.2d at 1285 (quoting *Shambe v. Delaware and Hudson Railroad Co., supra* ). Additionally, we note that the Supreme Court in *Purcell* rejected a similar claim of venue based upon Bryn Mawr Hospital's acceptance of a portion of its income from residents of Philadelphia County. *Id.* at 241–42, 248, 579 A.2d at 1283–84, 1287. We find no abuse of direction on the part of the trial court in transferring venue out of Philadelphia County.

■ Plaintiff next argues that the trial court improperly transferred venue to Bucks County, rather than her preferred choices of Delaware or Montgomery County. In this regard, plaintiff asserts that Saint Mary Hospital and Langhorne Physician Services have sufficient contacts in Montgomery and Delaware Counties to establish venue. Our review of the record, however, discloses no basis upon which to transfer venue to either county.

Plaintiff does not cite, and we cannot find, evidence of record setting forth Saint Mary Hospital's contacts with either county. In his deposition testimony, Jan M. Haas, Vice President Operations/Satellites for St. Mary Hospital, testified that St. Mary Hospital's principle place of business is located in Bucks County. N.T. 8/24/95 at 6. Mr. Haas further indicated that St. Mary Hospital operates satellite medical offices but all are within Bucks County. *Id.* at 7.

In the complaint, plaintiff avers that Langhorne Physician Services maintains an office in Delaware County. In their Preliminary Objections to Plaintiff's Complaint, Langhorne Physician Services averred:

> The appropriate venue as to defendant, Langhorne Physician Services is either Bucks County, where the cause of action arose, and where the transaction or occurrence took place out of which the cause of action arose, **or Delaware County, where its principal place of business is located.**

Preliminary Objections of Defendants, St. Mary Hospital and Langhorne Physician Services to Plaintiff's Complaint, ¶ 12 (emphasis added). However, in a Supplemental Memo of Law

in Support of Defendants' Preliminary Objections, Langhorne revised its initial statement based upon the deposition testimony of Stephen Scogna, the treasurer for Langhorne Physician Services:

> Mr. Scogna, Vice President for Operations and Finance, Treasurer for SMMC and Treasurer of Langhorne Physician Services, testified that Langhorne Physician Services has one registered office at St. Mary Medical Center, Langhorne–Newtown Road, Bucks County, Pennsylvania. *See* Deposition of Stephen Scogna at p. 9–10, hereafter designated *Scogna*, and attached as Exhibit "D."

> The remaining issue is where does Langhorne Physician Services regularly conduct business for purposes of venue. Mr. Scogna's testimony establishes that LPS has a principal place of business at St. Mary Medical Center, Langhorne–Newtown Road, Bucks County, Pennsylvania. *Scogna* at p. 9. Mr. Scogna also testified that LPS regularly conducts business in Bucks County, *Scogna* at p. 10, only provides medical care in Bucks County, *Scogna* at p. 10 and only provides staffing in Bucks County. *Scogna* at p. 10. LPS is the exclusive provider of physician staffing to the SMMC Emergency Room. *Scogna* at p. 36.

> Mr. Scogna testified that LPS does not conduct business in Springfield, Delaware County, Pennsylvania, but rather has a subcontract arrangement with a billing company, Medphis, Corp. located at that address. *Scogna* at p. 11–12. . . .

Supplemental Memorandum of Law in Support of Preliminary Objections of Defendants, Langhorne Physician Services and St. Mary Medical Center, at 5–6. In his deposition dated August 24, 1995, Stephen O. Scogna, the treasurer of Langhorne Physician Services, testified that Langhorne does not conduct business in Delaware County. N.T. 8/24/95 at 11. Mr. Scogna testified that Langhorne maintains a subcontracting arrangement with a company located in Delaware County. *Id.* According to the arrangement, Medphis Corporation, located in Springfield, Pennsylvania, provides billing services for the physicians of Langhorne Physician Services. *Id.* at 12.

Plaintiff directs this court to no other connection between Langhorne Physician Services and Delaware County.

We cannot conclude that Langhorne's act of subcontracting its billing work to Medphis Corporation is "necessary to its existence" or "direct." Langhorne Physician Services need not subcontract its billing work to fulfill its corporate purpose of providing physicians and medical service to the residents of Bucks County. Thus, Langhorne Physician Services' only contact with Delaware County must be deemed incidental and not sufficient to confer venue upon Langhorne in that county. *See Shambe*, 288 Pa. at 248, 135 A. at 758 (although freight and passengers are necessary to railroad's existence, Supreme Court holds that establishing a soliciting agent to obtain those necessary items is incidental).

Finally, our review of the record reveals no other contacts by defendant Langhorne Physician Services with Montgomery County. In her brief, plaintiff refers this court to Dr. Glassman's contacts with Montgomery County. According to his deposition, Dr. Glassman performs ninety percent of his practice in Bucks County and ten percent in Montgomery County. Pursuant to Rule of Civil Procedure 1006(a), venue is proper "only in a county in which [the individual] may be served or in which the cause of action arose or in any other county authorized by law." Pa. R.C.P., No. 1006(a), 42 Pa.C.S.A. Nevertheless, even if we assume for the sake of argument that venue would be proper in Montgomery County as to Dr. Glassman, we still could not reverse the trial court's decision to transfer venue to Bucks County simply because appellant would prefer Montgomery.

As previously stated, a plaintiff's forum selection is given great weight. *Shears v. Rigley*, 424 Pa.Super. at 564, 623 A.2d at 824. Nevertheless, the trial court is vested with broad discretion in determining whether the original choice of forum was proper. *Mathues v. Tim–Bar Corp.*, 438 Pa.Super. at 234, 652 A.2d at 351. When any proper basis exists for the trial court's decision to change venue, that decision must stand. *In Re Mackarus' Estate*, 431 Pa. at 596, 246 A.2d at 666–67; *Shears, supra.* We have already explained why

Bucks County constitutes an appropriate forum in which to try the instant case. Furthermore, the certified record discloses no indication that the trial court committed an abuse of discretion in electing to transfer the case to Bucks rather than to Montgomery County. Thus we can discern no grounds which would justify reversing the trial court's decision.

The order of the trial court is affirmed.

CAVANAUGH, J., files a concurring opinion.

CAVANAGH, Judge, concurring:

I join in the majority opinion and agree that it conforms with the Pennsylvania Rules of Civil Procedure and the decided cases. *Martin v. Gerner,* 332 Pa.Super. 507, 481 A.2d 903 (1984); *Anderson v. Uva,* 230 Pa.Super. 533, 326 A.2d 430 (1974). I write separately to express my disagreement with the law as it stands.

It is important to observe that this is a case involving *improper venue* and not the doctrine of *forum non conveniens.* I believe the controlling rules which permit a court in an improper venue to pick the litigant's forum for him, improperly impede upon the admirable policy in Pennsylvania that a plaintiff should be given his choice of forum when pursuing a claim in court. *Plum v. Tampax, Inc.,* 399 Pa. 553, 160 A.2d 549 (1960); *Walker v. Ohio River Co.,* 416 Pa. 149, 205 A.2d 43 (1964); *Shears v. Rigley,* 424 Pa.Super. 559, 564, 623 A.2d 821, 824 (1993); *Scola v. AC & S, Inc.,* 540 Pa. 353, 657 A.2d 1234 (1995). The law, as presently written, allows a court, without jurisdiction, to usurp the plaintiff's right to choose his forum. Thus, in this case, plaintiff asserts that there are several forums where this case might be properly pursued (Montgomery, Bucks and Philadelphia Counties) and the court, as the law permits, chose to transfer the case to Bucks County, the home county of the defendant hospital.

I submit that a better rule might be to dismiss a case with improper venue and permit a plaintiff to pursue the matter in the jurisdiction of his choice and accept the risks involved if the choice cannot be supported as a proper venue. If the

54

statute of limitations is at risk of running, the court should allow the plaintiff a period of time within which to initiate an action, in the county of his choice, as a condition of the grant of the improper venue objections.