## Kzylan v. Business Men's Assurance Agency Inc.

*Francis P. Burns,* for appellee.
*Michael O. Pansini,* for appellant.

CARRAFIELLO, *J.,* May 21, 2001—This appeal arises from the entry of an order sustaining preliminary objections based upon improper venue. The case was transferred to Delaware County.

The plaintiff, Albert Kzylan, is a resident of Broomall, Delaware County. The defendant, Business Men's Assurance Agency Inc., is a Missouri corporation that issued a disability policy to Kzylan.

At issue in this appeal is whether venue is vested in Philadelphia County pursuant to Pa.R.C.P. 2198. The plaintiff maintains that Philadelphia County is appropriate since it regularly conducts business in this locale. The defendant disputes this assertion.

In assessing whether venue is proper in Philadelphia County under Pa.R.C.P. 2198, the court must consider both the quality and quantity of the defendant's acts in that locale. *Masel v. Glassman,* 456 Pa. Super. 41, 689 A.2d 314 (1997). Quality of acts signifies those acts directly furthering or essential to corporate objectives rather than incidental conduct. Quantity of conduct means "those acts which are so continuous and sufficient to be general or habitual." *Id.* at 46, 689 A.2d at 317.

Plaintiff Albert Kzylan never proffers either in his complaint or in response to the preliminary objections that the defendant has any office in Philadelphia, employs sales representatives in such location, or entered into contractual negotiations and discussions there. All that is advanced is that the defendant issued some insurance policies in Philadelphia.

Under relevant case law, it has been determined that the mere solicitation of business is not enough to show that a corporation regularly conducts business in a forum for purposes of establishing venue. *Kubik v. Route 252 Inc.,* 762 A.2d 1119 (Pa. Super. 2000). Furthermore, the fact that a corporation may enter into contracts with persons in a specific county has been rejected as being sufficient by itself for establishing proper venue. See *Masel, supra.*

In this case, neither the quality nor quantity of contacts is sufficient to meet the requisite for a corporation that regularly conducts business in Philadelphia County. The plaintiff never disputes the averments in the defendant's affidavit that it has no office or place of business in Philadelphia, no phone listing in Philadelphia, and no registered agent in such location. Moreover, it is uncontroverted that while the defendant has issued some insurance policies to persons in Philadelphia, they were not disability policies. Finally, there is nothing to controvert the evidence proffered by the defendant that less than one percent of its policies nationwide were issued to persons in Philadelphia.

Given the foregoing, venue was appropriately transferred to the location of the plaintiff's residence, which is Delaware County.