## Soffer v. General Motors

*Eric G. Zajac,* for plaintiff.

*Francis J. Grey Jr.* and *Eric A. Weiss,* for defendant.

MANFREDI, *J.,* October 15, 2008—

## HISTORY

This case arises from a December 2, 2005 motor vehicle accident in New Jersey. Plaintiff's decedent, David Arenas, drove into the opposite lane of traffic, striking another vehicle head-on. Plaintiff alleges that the air bag in decedent's General Motors vehicle did not deploy and the seat belt failed, causing the death of Mr. Arenas.

Defendants, General Motors (GM) and M&M Motors (the car dealer) moved to dismiss plaintiff's complaint, pursuant to 42 Pa.C.S. §5322(e). After allowing the parties an opportunity to conduct discovery on issues relating to the motion, and file supplemental memoranda, we granted the motion on June 2, 2008 and this appeal followed.

## DISCUSSION

### A. *Legal Standard*

42 Pa.C.S. §5322(e) permits a trial court to dismiss a case, even where jurisdictional requirements are met, upon a determination that in the interest of substantial justice the matter would be heard in another forum. No action may be dismissed under this statute unless an alternative forum is available to plaintiff. *Jessop v. ACF Industries,* 859 A.2d 801, 803 (Pa. Super. 2004). In this case defendants have agreed to waive the statute of limitations to permit the filing of the action in New Jersey, and that such action will be deemed filed as of the date of the

original filing in the First Judicial District. Accordingly, the requirement of an alternative forum is met.

Once the court determines that plaintiff has access to an alternative forum, the court must inquire whether weighty reasons exist to overcome the plaintiff's choice of forum. *Farley v. McDonnell Douglas Truck Services Inc.,* 432 Pa. Super. 456, 461-62, 638 A.2d 1027,1030 (1994). In conducting this analysis, the court must consider both public and private factors. *Engstrom v. Bayer Corporation,* 855 A.2d 52, 56 (Pa. Super. 2004). The private factors include:

Relative ease of access to sources of proof;

Availability of compulsory process for attendance of unwilling witnesses;

The cost of obtaining attendance of willing witnesses;

Possibility of a view of the premises, if a view would be appropriate; and

All other practical problems that make trial of a case easy, expeditious and inexpensive.

The public factors include:

Administrative difficulties for courts when litigation brought in congested centers instead of being handled at the matter's origin;

The burden of jury duty for citizens of the community that has no relation to the litigation; and

The appropriateness of having trial in a forum that is home to the governing law.

Plaintiff, the administratrix, is a Philadelphia resident, however, decedent was a resident of Easton in Northampton County, Pennsylvania.

A trial court is vested with considerable discretion in determining whether to grant a petition to transfer venue. *Purcell v. Bryn Mawr Hospital,* 525 Pa. 237, 242, 579 A.2d 1282,1284 (1990). If there is any basis to affirm a trial court's decision, the decision must stand. *Masel v. Glassman,* 456 Pa. Super. 41, 45, 689 A.2d 314, 316 (1997). Its ruling will not be disturbed absent an abuse of discretion. *Id.* An abuse of discretion occurs when the trial judge overrides or misapplies the law, or exercises judgment in a manifestly unreasonable manner, or renders a decision based on partiality, prejudice, bias, or ill will. *Cooper v. Nationwide Mutual Insurance Company,* 761 A.2d 162, 164 (Pa. Super. 2000).

B. *The Interests of Substantial Justice Dictate That This Matter Be Heard in New Jersey, in That Weighty Reasons Exist To Overcome Plaintiff's Choice of Philadelphia*

As there is no dispute that this action could have been properly initiated in New Jersey and that this forum is still available to plaintiff, the court begins its analysis with an examination of the private factors.

Here it is clear that virtually all the liability witnesses—percipient and custodial—are located in New Jersey. The vehicle was purchased in New Jersey, the documents relating to its sale and maintenance history are located in New Jersey. Likewise, the driver of the other vehicle, the New Jersey State Troopers who investigated the accident, the paramedics who responded, the company that towed the vehicle, and the medical examiner (and staff) are all located in New Jersey. Although it is not clear that a view of the scene in Warren County, New

Jersey will be necessary, if a view is required, the burden of such an exercise from Philadelphia is considerable. Likewise, should defendant require attendance of any of the foregoing witnesses, or custodians of various New Jersey records relating to the vehicle or the accident, the costs will be much greater, and compulsory process much more difficult. Accordingly, we found that the private factors dictated that the matter be heard in New Jersey.

All of the public factors also weigh in favor of New Jersey. This court is extremely busy, Philadelphia citizens are already burdened with service on cases which actually have a connection with Philadelphia, and the applicable law. Moreover, the mayor has recently announced that, due to the effect of the nationwide financial crisis on Philadelphia, the budget of the First Judicial District will likely be cut by $5,000,000. The sole connection to Pennsylvania is that the administratrix and the decedent's beneficiary reside in the Commonwealth. On balance, and under the facts of this case, we did not find that this constituted so significant an interest in this case from which it could be divined that the citizens of the Commonwealth of Pennsylvania, in general, or of Philadelphia, in particular, have an overriding interest in the case, so as to warrant expenditure of scarce judicial resources.

Accordingly, for all the reasons set forth, the court found that there were weighty reasons which overcame plaintiff's choice of forum, and required that this case be dismissed, pursuant to 42 Pa.C.S. §5322(e), without prejudice to re-file in New Jersey.