**McGuigan v. Brookside Manor**

408

*William J. Coppol*, for appellant.

*Thomas E. Tyler* and *M. Scott Gemberling*, for appellees.

TERESHKO, *J.*, March 23, 2011—Plaintiffs, Dennis McGuigan and Diana McGuigan, h/w, appeal from the order dated November 15, 2010, wherein this court granted defendants' motion to transfer venue to Bucks County Pennsylvania and dismissed all allegations of gross negligence and recklessness against defendants.

## FACTUAL BACKGROUND

Plaintiffs commenced this premises liability action following a slip and fall, which allegedly occurred

on defendants' premises. Plaintiffs allege that Dennis McGuigan was injured when he slipped and fell on the premises leased by defendants CDC Catering, Inc. and Brookside Manor, causing him to sustain bodily injuries.[1] (Complaint ¶ 21) Plaintiffs are residents of Philadelphia, Pennsylvania. (Complaint ¶¶ 1,2) Defendant CDC Catering, Inc. is a Pennsylvania corporation engaged in the operation of a banquet business in Feasterville, Bucks County, Pennsylvania. (Complaint ¶ 4) CDC operates under the trade name Brookside Manor at Somerton Springs, registered as a fictitious name with the Department of State of the Commonwealth of Pennsylvania. (Defendants' preliminary objections ¶ 1)

Plaintiffs commenced this action by filing a writ of summons on April 14, 2010. (Defendants preliminary objections ¶ 1) Defendants filed a praecipe and rule to file a complaint on May 7, 2010. (See docket) Plaintiffs thereafter commenced a second action by writ of summons on May 14, 2010. (Defendants' preliminary objections ¶ 4)[2] Plaintiffs filed their complaint in the April term action on September 16, 2010. (See docket) Plaintiffs' complaint alleges that Dennis McGuigan suffered orthopedic, neurological and psychological injuries as a result of the slip and fall on the premises leased by defendants. (Complaint ¶ 28) Additionally, plaintiff's wife, Diana McGuigan seeks damages for loss of consortium. (Complaint ¶¶ 36-38)

---

1. The owner of the premises is Jay Platt (Exhibit "A" to defendants' preliminary objections).

2. In addition to Brookside Manor and CDC Catering, Inc., plaintiffs also included Jean Platt, Jay Platt (the owner of the premises), David Voltz (President of CDC Catering, Inc.), Somerton Springs Country Club and Vernon Platt as defendants. The second action was later discontinued without prejudice at the request of plaintiffs. (See docket)

Defendants, Brookside Manor and CDC Catering, Inc., filed preliminary objections to plaintiffs' complaint on October 7, 2010 to transfer venue to the Bucks County Court of Common Pleas. (Defendants' preliminary objections ¶ 13) Defendant also sought to have plaintiffs' allegations of gross negligence and recklessness in paragraphs 24-25 and 31-33 of the complaint dismissed with prejudice. (Defendants' preliminary objections ¶¶15-21) After review of the preliminary objections to plaintiffs' complaint and responses thereto, this court granted and sustained defendants' preliminary objections, dismissing all allegations of gross negligence and recklessness against defendants and ordering the matter transferred to Bucks County on November 15, 2010. On December 13, 2010, plaintiffs timely filed an appeal from the November 15, 2010 order. Plaintiffs then filed their concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) on January 6, 2011. The issues for appeal are as follows:

1. Whether this court erred as a matter of law in transferring this case to Bucks County, where plaintiffs have failed to show that defendants conduct any business in Philadelphia County.

2. Whether this court's dismissal of allegations of gross negligence and recklessness is a reviewable issue where the order is not final and permission was not given to appeal this order by the court.

## LEGAL ANALYSIS

Pennsylvania law vests the trial court with considerable

discretion in making determinations whether or not to grant a petition to transfer venue. *Purcell v. Bryn Mawr Hospital*, 525 Pa. 237, 242, 579 A.2d 1282, 1284 (1990). The standard of review in such cases is abuse of discretion. *Id.* Provided that the trial court's decision to transfer venue is a reasonable one in light of the record it will not be overturned. *Monaco v. Montgomery Cab Co.,* 417 Pa. 135, 143, 208 A.2d 252, 256 (1965). It is not enough for an appellant to persuade an appellate court that it might have come to a different result. *McCrory v. Abraham,* 657 A.2d 499, 501 (Pa. Super. 1995). The burden rests on the appellant to show that the trial court misapplied or overrode the law or the decision was manifestly unreasonable, or resulted from partiality, prejudice, bias or ill will. *Id.* "If there exists any proper basis for the trial court's decision to grant the petition to transfer venue, the decision must stand." *Masel v. Glassman,* 689 A.2d 314, 316 (Pa. Super. 1997).

Corporations have a constitutional right to petition the court for a change of venue. *Purcell v. Bryn Mawr Hospital*, 525 Pa. 237, 242, 579 A.2d 1282, 1284 (1990) (citing *Felts v. Delaware, Lackawanna and Western R.R.,* 195 Pa. 21, 45 A. 493 (1900)). Pennsylvania Rule of Civil Procedure 2179 governs where venue may be laid against a corporation. Rule 2179 states in relevant part:

[A] personal action against a corporation or similar entity may be brought in and only in:

(1) the county where its registered office or principal place of business is located;

(2) a county where it *regularly conducts business*;

(3) the county where the cause of action arose;

(4) a county where a transaction or occurrence took place out of which the cause of action arose; or

(5) a county where the property or a part of the property which is the subject matter of the action is located provided that equitable relief is sought with respect to the property. Pa.R.C.P. 2179(a) (2008)(emphasis added).

Defendants have their registered office in Feasterville, Bucks County. Defendants' principal place of business is in Bucks County. The accident occurred in Bucks County, and no evidence exists to show that the accident arose out of any transaction or occurrence outside of Bucks County. Therefore, venue in Philadelphia County can only be established by evidence that defendants "regularly conduct business" in Philadelphia County as provided for under Pa.R.C.P. 2179(a).

"In determining whether venue in an action against a corporation is proper on the ground that the corporate defendant regularly conducts business in the county in which it is sued, we must focus on the nature of the acts the corporate defendant allegedly performs in that county." *Battuello v. Camelback Ski Corp.,* 598 A.2d 1027, 1029 (Pa. Super. 1991). The "quality" and "quantity" of business contacts the company has with that county must both be sufficient to establish venue. *Id.* In *Purcell v. Bryn Mawr Hospital,* 525 Pa. 237, 579 A.2d 1282 (1990), the Pennsylvania Supreme Court elaborated upon the

standard:

> "A single act is not enough," while "each case must depend on its own facts." "Quality of act" means "those directly, furthering or essential to, corporate objects; they do not include incidental acts." Quantity means those acts which are "so continuous and sufficient to be general or habitual." In combined form...the acts of the corporation must be distinguished: those in "aid of a main purpose" are collateral and incidental, while "those necessary to its existence" are "direct." *Id.* at 1285, 244 (citations omitted)(quoting *Shambe v. Delaware and Hudson R.R. Co.*, 135 A. 755 (Pa. 1927)).

The case of *Battuello v. Camelback Ski Corp.,* 598 A.2d 1027 (Pa. Super. 1991), also dealt with insufficient quality and quantity for venue to be brought in Philadelphia County. In that case Camelback, a ski mountain in Monroe County, advertised in Philadelphia, sent promotional brochures and pricing information to a travel company located in Philadelphia, which directed customers to Camelback, and engaged in other promotional activities in Philadelphia. *Id.* at 1028. These activities were viewed as being in aid of a main purpose and were thus incidental contacts. *Id.* at 1029. The quality-quantity test was not met and venue accordingly was not proper in Philadelphia and the case was moved to Monroe County where Camelback is located.

The case of *Masel v. Glassman,* 689 A.2d 314 (Pa. Super. 1997), provides further clarification concerning acts that are deemed to be of insufficient quality and quantity to establish venue in Philadelphia County, The

court in *Masel* found that advertisements in Philadelphia publications, contracts with Philadelphia hospitals, the purchase of equipment from Philadelphia vendors, and educational affiliations with Philadelphia institutions could not constitute sufficient contacts to establish venue against defendant St. Mary Hospital in Philadelphia County; these contacts were merely incidental to defendants' main business purpose, the provision of healthcare services. *Id.* at 47, 317. The Superior Court found the facts in *Masel* to be indistinguishable from those in *Purcell* in which the Supreme Court stated,

> We find it to be patently evident that the mere purchase of hospital supplies from Philadelphia merchants cannot form a satisfactory rationale for conferring venue. It is equally clear that advertisements in Philadelphia's phone books and newspapers also fail to meet our standards for the exercise of venue. Mere solicitation of business in a particular county does not amount to conducting business. *Id.* at 48, 318 (quoting *Purcell v. Bryn Mawr Hospital,* 525 Pa. 237, 248, 579 A.2d 1282 1287 (1990).

The court in *Masel* further concluded that venue was not proper in Philadelphia County against a second defendant, Langhorne Physician Services. Plaintiff asserted that venue in Philadelphia was proper because three percent of gross revenues were generated by Philadelphia residents, and defendant received 20 percent of its gross revenues from Philadelphia third-party payors. *Masel v. Glassman,* 689 A.2d 314, 318 (Pa. Super. 1997). The court found that because all services were provided in Bucks

County and because no activities took place in Philadelphia that directly furthered or were essential to the corporate object of defendant, venue was not proper in Philadelphia County. *Id.*

In the case at hand, defendants' activities in Philadelphia County are incidental to its corporate object and insufficient to establish venue in Philadelphia County. Plaintiffs have not set forth any evidence that defendants regularly conduct business in Philadelphia County. To the contrary, defendants included the affidavit of David Voltz, the President of CDC Catering, Inc. with their preliminary objections, which states that defendants do not conduct any business or own any property in Philadelphia County. (Exhibit "A" to defendants' preliminary objections ¶¶ 8-11) Defendants operate a banquet facility in Feasterville, Bucks County, Pennsylvania. (*Id.* at ¶ 5) Defendants do not conduct any business in Philadelphia, nor do they advertise in Philadelphia-area publications aside from an advertisement in a Philadelphia "Yellow Pages" telephone book published by Verizon. (*Id.* at ¶ 12) Furthermore, defendant, CDC Catering, Inc., does not have any employees who work in Philadelphia County, nor does the business pay taxes to the City of Philadelphia. (*Id.* at ¶ 13, 14)

Plaintiffs assert that the quality-quantity test can be met because Philadelphia residents both hosted and attended the event where Dennis McGuigan was injured, which was paid for with funds placed in a Philadelphia bank by Philadelphia residents. (Plaintiffs' response to defendants' preliminary objections ¶ 11) Additionally, plaintiff argues that various schools located in Philadelphia County have

held reunions hosted by defendant CDC Catering, Inc. *Id.* Moreover, plaintiffs allege that defendant CDC Catering provides offsite catering for Philadelphia events and purchases alcoholic beverages and food products from Philadelphia vendors; however, plaintiffs fail to provide evidence to substantiate these claims. (Plaintiffs' response to defendants' preliminary objections pg. 9)

Plaintiffs point solely to contacts that were found to be insufficient to establish venue in both *Masel* and *Battuello*, namely advertisements, the purchase of supplies from Philadelphia vendors, contracts with Philadelphia entities, and revenues generated from Philadelphia residents. Additionally, as the Supreme Court in *Masel* reasoned, mere solicitation of business in Philadelphia County cannot form the basis for venue against a defendant. Based on the aforementioned analysis, this court believes that plaintiffs have not met their burden of proving that Brookside Manor and CDC Catering, Inc. regularly conduct business in Philadelphia.

Thus, plaintiffs have not established sufficient contacts to meet the quality of contacts that are directly further defendants' objectives, nor have plaintiffs' proven that defendants quantity of contacts are so continuous and sufficient to be general or habitual. Therefore, venue in Philadelphia County is not proper under Pa.R.C.P. 2179.

Additionally, plaintiffs have appealed the portion of this court's order dismissing their allegations of gross negligence and recklessness. Plaintiffs' complaint sets forth allegations of recklessness against defendants, but does not set forth sufficient facts to support a claim for

reckless conduct. Allegations of recklessness may form the basis of a punitive damages claim in Pennsylvania. Pennsylvania Rule of Civil Procedure 1028(a)(2) allows a party to move to strike all punitive damage claims of a pleading for lack of conformity to a law or rule of court. This court found there to be insufficient facts to support recklessness by defendants in order to sustain a claim for punitive damages. Plaintiffs now wish to have the dismissal of punitive damages reviewed by the appellate court. However, review of a non-dispositive order is strictly prohibited by the Pennsylvania Rules of Appellate Procedure.

Pennsylvania limits appellate review to four (4) types of orders which are potentially relevant to the case at hand: Interlocutory orders from which an appeal exists as of right (Pa.R.A.P. 311), interlocutory orders which may be appealed by permission (Pa.R.A.P. 312), collateral orders (Pa.R.A.P. 313), and final orders (Pa.R.A.P. 341).

There is no express allowance of appeal for orders dismissing a theory of recovery; therefore, Pennsylvania Rule of Appellate Procedure 311 is not applicable. Additionally, plaintiffs cannot proceed under Pennsylvania Rule of Appellate Procedure 312 because they failed to seek the permission of this court. Moreover, classifying this court's order as collateral is inappropriate because the court would be compelled to analyze the alleged negligence of defendants in determining whether punitive damages are warranted or whether the claims rest upon negligence; therefore, the requirements of Pennsylvania Rule of Appellate Procedure 313 cannot be met.

Lastly, the order of this trial court is not final as defined under Pennsylvania Rule of Appellate Procedure 341. There is no separate cause of action for punitive damages in Pennsylvania. *Nix v. Temple University*, 596 A.2d 1132 (Pa. Super. 1991). The portion stricken simply advances an alternate theory of recovery advanced on plaintiffs' remaining claims for negligence and loss of consortium. *Dolan v. Stadium Authority of City of Pittsburgh*, 635 A.2d 672 (Pa. Super. 1993).

Therefore, the striking of plaintiff's punitive damages claims are interlocutory and the review of the transfer of venue is the only reviewable issue before the appellate court.

## CONCLUSION

For the foregoing reasons, this court respectfully requests that the November 15, 2010 order granting defendants' preliminary objections, transferring the case to the Bucks County Court of Common Pleas, be affirmed.