**Clark v. Baxter**

*Phillip L. Clark, Jr.*, for plaintiffs.
*Carmen F. Lamancusa*, for defendants.

COX, *J.*, March 14, 2014—Before the court for disposition are the preliminary objections filed on behalf of the defendant Hermitage Direct Jewelry Outlet, Inc., which argues that Lawrence County is the improper venue for the plaintiffs' claims as defendant Hermitage Direct Jewelry Outlet, Inc. has its principal place of business in Mercer County and does not conduct business in Lawrence

County. Defendant Hermitage Direct Jewelry Outlet, Inc. also asserts that the plaintiffs' amended complaint lacks specificity as it merely extends the claims against Cindy Allegretto d/b/a Direct Jewelry Outlet in Count V to defendant Hermitage Direct Jewelry Outlet, Inc. in Count VI.

The plaintiffs' amended complaint avers the following: defendant Ashley Nicole Baxter was employed in the plaintiffs' home located at 510 Moore Avenue, New Castle, Lawrence County, Pennsylvania, as a caretaker and she took possession of items belonging to the plaintiffs, which included the following: 1. a 14 carat gold invisible set diamond cross, 2. a 24-inch 14 carat gold 2.0 millimeter snake chain, 3. a 6 carat 14 carat gold diamond baguette bracelet, 4. a rolex style bracelet 4 carat round diamonds pave set, 5. a 10 carat gold 2 carat 16 round/ baguette diamond heart pendant, 6. a 14 carat gold 20-inch twisted sparkle chain, 7. a necklace with multiple diamonds and a teardrop in the middle, 8. a 14 carat gold Seiko watch, 9. 2 women's gold watches, 10. a 14 carat gold 12 millimeter 8-inch bola bracelet, 11. a 14 carat gold 24-inch 2.5 millimeter rope, 12. a 14 carat gold 24-inch H.M.F. 6 millimeter chain, 13. a 14 carat gold 24-inch Marwise chain 3.5 millimeters, 14. a 14 carat gold 24-inch woven link chain 5 millimeters, 15. a 14 carat gold woven mesh chain 4.5 millimeters, 16. a 14 carat gold two tone bracelet fancy, 17. a 1.5[1] round brilliant cut diamond G,H color SI1/SI2 clarity range set in 14 carat gold mounting with baguette and round diamonds, 18. a 14 carat gold

---

1. The amended complaint failed to set forth a unit of measurement for this item.

wedding band with diamonds and 19. a single teardrop diamond. Defendant Baxter then transferred possession of item 6 to defendant Greek's Gold in return for cash on May 18, 2012. She then sold items 7 and 10 to defendant New Castle Gold on May 21, 2012. Defendant Baxter returned to New Castle Gold on May 31, 2012, where she transferred items 8, 12, 13 and 14 in return for cash. Subsequently, she sold the remaining items to defendant Justin Allen Cubarney, who was intending to sell those items for cash. On May 22, 2013, defendant Cubarney sold item 9 to Greek's House of Gold for cash. Defendant Cubarney then sold items 3 and 4 to defendant Hermitage Direct Jewelry Outlet, Inc. on June 13, 2012, and he did the same with item 17 on June 18, 2012. Defendant Cubarney returned to defendant Hermitage Direct Jewelry Outlet, Inc. on June 25, 2012, to transfer items 5, 15 and 16 for cash. Also on July 3, 2012, defendant Cubarney transferred item 18 to defendant Hermitage Direct Jewelry Outlet, Inc. in return for cash.

Pennsylvania State Trooper Randolph Guy questioned defendant Baxter concerning the jewelry on July 6, 2012. She admitted to selling the jewelry in the manner as set forth previously. On July 11, 2012, defendant Cubarney was taken into custody and interviewed by Trooper Guy, in which he admitted to receiving items 3, 4, 5, 15, 16, 17, 18 and 19 from defendant Baxter and he sold the same to defendant Hermitage Direct Jewelry Outlet, Inc. The plaintiffs subsequently filed suit against all of the aforementioned defendants. The complaint included a claim of conversion against Cindy Allegretto d/b/a Direct Jewelry Outlet and a claim for vicarious liability against

Direct Jewelry Outlet, Inc. and Direct Jewelry Outlet Franchising Company, LLC. On September 6, 2013, the plaintiffs filed an amended complaint asserting similar claims. Defendant Hermitage Direct Jewelry Outlet, Inc. has filed preliminary objections to the amended complaint asserting that this court is the improper venue for the claims asserted against it by the plaintiffs and the amended complaint lacks specificity as it merely extends the claims set forth in Count V against Cindy Allegretto d/b/a Direct Jewelry Outlet to defendant Hermitage Direct Jewelry Outlet, Inc. in Count VI. It is important to note that the plaintiffs agreed at oral argument that they would amend their complaint to remedy the issue concerning lack of specificity. As a result, the defendant's preliminary objection concerning lack of specificity is sustained and the plaintiff is granted leave to amend their amended complaint.

The defendant claims Lawrence County is the improper venue for any claims against it as it is an Ohio Corporation with its principal place of business at 2560 East State Street, Hermitage, Mercer County, Pennsylvania, and does not conduct business in Lawrence County.

In general, proper venue is governed by Pa.R.C.P. No. 1006, which states:

(a) Except as otherwise provided by subdivisions (a.1), (b) and (c) of this rule, an action against an individual may be brought in and only in a county in which

(1) The individual may be served or in which the cause of action arose or where a transaction or occurrence

took place out of which the cause of action arose or in any other county authorized by law, or

(2) The property or a part of the property which is the subject matter of the action is located provided that equitable relief is sought with respect to the property...

(b) Actions against the following defendants, except as otherwise provided in subdivision (c), may be brought in and only in the counties designated by the following rules: political subdivisions, Rule 2103; partnerships, Rule 2130; unincorporated associations, Rule 2156; corporations and similar entities, Rule 2179.

(c) (1) Except as otherwise provided by paragraph (2), an action to enforce a joint or joint and several liability against two or more defendants, except actions in which the Commonwealth is a party defendant, may be brought against all defendants in any county in which the venue may be laid against any one of the defendants under the general rules of subdivisions (a) or (b).

Pa.R.C.P. No. 2179 states:

(a) Except as otherwise provided by an Act of Assembly, by Rule 1006(a.1) or by subdivision (b) of this rule, a personal action against a corporation or similar entity may be brought in and only in

(1) the county where its registered office or principal place of business is located;

(2) a county where it regularly conducts business;

(3) the county where the cause of action arose;

(4) a county where a transaction or occurrence took place out of which the cause of action arose, or

(5) a county where the property or a party of the property which is the subject matter of the action is located provided that equitable relief is sought with respect to the property.

Determining whether venue is proper is within the discretion of the trial court, but great deference is given to the plaintiff's choice of forum. *Gilfor ex rel. Gilfor v. Altman*, 770 A.2d 341, 343 (Pa. Super. 2001) (citing *Masel v. Glassman*, 456 Pa. Super. 41, 689 A.2d 314, 316 (1997)). The defendant retains the burden of asserting a challenge to the plaintiff's choice of venue. *Id.* In cases where the plaintiff is trying to assert joint and several liability against multiple defendants venue is proper in any county in which venue lies against any one of the defendants, *Id.*, 770 A.2d at 344. "The policy behind the rule allowing the action to be brought in any county in which venue is proper against any one of the defendants is to avoid multiplicity of suits." *Zappala v. Brandolini Property Management, Inc.*, 589 Pa. 516, 531, 909 A.2d 1272, 1280 (2006).

In the current case, the plaintiffs filed suit in Lawrence County as several of the transactions or occurrences transpired here. First, defendant Baxter stole the plaintiffs' jewelry from their residence at 510 Moore Street, New Castle, Lawrence County, Pennsylvania. Defendant Baxter also resides in Lawrence County as her address is 15 High Street, New Castle, Pennsylvania, as does defendant Cubarney, who is currently a resident at Lawrence County

Corrections. Moreover, Greek's House of Gold is located in New Castle, Pennsylvania, and its owner Greek Devasil resides in New Castle, Pennsylvania. Defendant Michael Ponziani and his business New Castle Gold Company are also located in New Castle, Pennsylvania. The only defendant, which does not have its principal place of business in Lawrence County is Hermitage Direct Jewelry Outlet, Inc., which is an Ohio Corporation with its principal place of business at 2560 East State Street, Hermitage, Mercer County, Pennsylvania. Furthermore, defendant Baxter and defendant Cubarney sold some of the jewelry to Greek's House of Gold and New Castle Gold Company for cash. Those transactions occurred in Lawrence County. The only transactions that occurred outside of Lawrence County was defendant Cubarney transferring some of the jewelry to defendant Hermitage Direct Jewelry Outlet, Inc. in Mercer County.

Although, defendant Hermitage Direct Jewelry Outlet, Inc. is located and conducts business in Mercer County, many of the events from which the current claims arise occurred in Lawrence County. The jewelry was taken from the plaintiffs' residence, which is located in Lawrence County and several pieces of that jewelry were transferred to Greek's House of Gold and New Castle Gold Company, which conduct business in Lawrence County. It is apparent that Lawrence County is the proper venue for all of the defendants in this matter as a majority of the events transpired in Lawrence County and all of the defendants, excluding defendant Hermitage Direct Jewelry Outlet, Inc., either reside, conduct business or have their principal place of business in Lawrence County. Furthermore,

the transactions are so closely related that it would be a waste of resources to transfer venue for the claims against defendant Hermitage Direct Jewelry Outlet, Inc. to Mercer County and permit the claims against the other defendants to remain in Lawrence County. The policy behind Pa.R.C.P. No. 1006(c)(1) is to avoid multiplicity of suits, which is the outcome that would occur if this court transferred venue of the cause of action against defendant Direct Jewelry Outlet, Inc. to Mercer County. Therefore, defendant Hermitage Direct Outlet, Inc.'s preliminary objection concerning improper venue is overruled.

For the reasons set forth in this opinion, defendant Hermitage Direct Outlet, Inc.'s preliminary objection concerning improper venue is overruled. However, the defendant's preliminary objection for lack of specificity is sustained and the plaintiffs are granted leave to amend their amended complaint.

## ORDER OF COURT

Now this 14th day of March, 2014, this case being before the court on February 24, 2014, for oral argument on the preliminary objections filed by the defendant Hermitage Direct Jewelry Outlet, Inc., with both parties appearing through their counsel, the plaintiffs Agnes L. Clark and Jack R. Clark, her husband, represented through counsel, Phillip L. Clark, Jr., Esquire and the defendant Hermitage Direct Jewelry Outlet, Inc., represented through counsel, Carmen F. Lamancusa, Esquire, and after consideration of the argument and briefs presented and submitted by counsel and a complete and thorough review of the applicable record, the court enters the following order and

it is hereby ordered, adjudged and decreed as follows:

1. In accordance with the attached opinion, the preliminary objection for improper venue is hereby overruled.

2. As stipulated to at oral argument, the preliminary objection for insufficient specificity in the amended complaint is hereby sustained.

3. Counsel for the plaintiffs shall have twenty (20) days from the date of the receipt of this order of court to file an amended complaint.

4. The prothonotary is directed to serve a copy of this order of court upon counsel of record, Phillip L. Clark, Jr., Esquire and Carmen F. Lamancusa, Esquire.