J-A20018-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| AHKEEM SMITH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| KELVIN RODRIGUEZ, AND KUEHNE | : | No. 2127 EDA 2023 |
| AND NAGEL, INC. | : | |

Appeal from the Order Entered August 1, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  220602304


BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and DUBOW, J.

MEMORANDUM BY PANELLA, P.J.E.:          **FILED DECEMBER 3, 2024**

Ahkeem Smith appeals from the order entered on August 1, 2023, sustaining Kuehne and Nagel, Inc.'s ("Kuehne and Nagel") preliminary objections to venue in Philadelphia County and transferring the case to Northampton County. After careful review, we affirm.

The trial court set forth the relevant factual and procedural history:

> On June 24, 2022, [Smith] commenced the instant action sounding in negligence against [Rodriguez and Kuehne and Nagel (collectively, "Appellees")]. In response to objections filed by [Kuehne and Nagel], [Smith] filed an [a]mended [c]omplaint on September 26, 2022, a [s]econd [a]mended [c]omplaint on October 25, 2022, again in response to objections, a [t]hird [a]mended [c]omplaint on November 22, 2022 again in response to objections, and a [f]ourth [a]mended [c]omplaint on December 27, 2022 again in response to objections.
>
> The [f]ourth [a]mended [c]omplaint set forth claims of negligence stemming from an accident, wherein … Rodriguez drove into [Smith] while [both parties were] operating [forklifts].

[Smith] is a resident of Northampton County, Pennsylvania. … Rodriguez resides in Lehigh County. … [Rodriguez is an employee of Kuehne and Nagel.] Kuehne [and] Nagel is a New York corporation with [its] principal place of business located at 10 Exchange Place, 19th Floor, Jersey City, NJ 07302. [The accident occurred in Northampton County.]

[Kuehne and Nagel] subsequently filed [p]reliminary [o]bjections challenging venue on January 16, 2023. On February 6, 2023[, Smith] filed his [a]nswer to [Kuehne and Nagel's] [p]reliminary [o]bjections.

On February 23, 2023, th[e trial c]ourt issued a [r]ule to [s]how [c]ause under Pa.R.C[].P. 206.7 directing the parties to file any supplemental briefs following venue discovery and scheduling a hearing for April 26, 2023. On April 26, 2023, the hearing was further continued to June 20, 2023. On June 20, 2023, th[e trial c]ourt heard argument and held the objections under advisement for ten (10) days to permit the parties to further supplement the record.

On August 1, 2023, th[e trial c]ourt issued an [o]rder sustaining [Kuehne and Nagel's] [p]reliminary [o]bjections and transferring the matter to Northampton County.

Trial Court Opinion, 11/14/23, at 1-2 (footnotes omitted). Smith filed a timely appeal and complied with the trial court's order to file a Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b).

Smith raises one issue:

Did the trial court err as a matter of law or otherwise abuse its discretion in ordering the transfer of venue of this case from Philadelphia to Northampton County based on the trial court's conclusion that defendant Kuehne [and] Nagel does not regularly conduct business in Philadelphia County, despite being responsible on an almost daily basis for the movement of its customers' freight into and out [of] Philadelphia's airport and seaport?

Appellant's Brief, at 5.

- 2 -

Our standard of review is well-established:

> A trial court's decision to transfer venue will not be disturbed absent an abuse of discretion. A plaintiff's choice of forum is to be given great weight, and the burden is on the party challenging the choice to show it was improper. However, a plaintiff's choice of venue is not absolute or unassailable. Indeed, if there exists any proper basis for the trial court's decision to grant a petition to transfer venue, the decision must stand.

*Hausmann v. Bernd*, 271 A.3d 486, 492 (Pa. Super. 2022) (brackets and citation omitted).

It is undisputed that the accident that gave rise to the instant suit occurred in Northampton County and Rodriguez is a resident of Lehigh County. As such, venue as to Rodriguez is proper only in Northampton or Lehigh Counties. *See* Pa.R.C.P. 1006(a)(1), (2). However, Rule 1006(c) provides that when an action seeks joint and several liability against two defendants, the action "may be brought against all defendants in any county in which the venue may be laid against any one of the defendants[.]" Pa.R.C.P. 1006(c). As such, if venue in Philadelphia County is proper as to Kuehne and Nagel, then Smith may proceed against all defendants in Philadelphia County. We therefore analyze whether venue is proper in Philadelphia as to Kuehne and Nagel.

When an action is brought against a corporation or similar entity, venue is proper where "the corporation or similar entity regularly conducts business[.]" Pa.R.C.P. 2179(a)(2).[1]

> In determining where a corporation "regularly conducts business," a court must focus on the nature of the acts the corporation allegedly performs in that county; those acts must be assessed both as to their quantity and quality.
>
>> "Quality of acts" means "those directly, furthering or essential to, corporate objects; they do not include incidental acts." Quantity means those acts that are "so continuous and sufficient to be termed general or habitual." The acts of the corporation must be distinguished: those in "aid of a main purpose" are collateral and incidental, while "those necessary to its existence" are "direct."

*Estate of Quigley by Clemson v. Pottstown Hospital, LLC*, 286 A.3d 1240, 1245 (Pa. Super. 2022) (emphasis and citations omitted). Our Supreme Court recently clarified that "the word 'sufficient' in the quantity prong refers to the acts deemed sufficient under the quality prong. It is those sufficient, quality acts that must be performed regularly to satisfy the venue inquiry." *Hangey v. Husqvarna Professional Products, Inc.*, 304 A.3d 1120, 1143-44 (Pa. 2023).

As referenced above, the initial burden is on the party challenging the venue to show the venue is improper. *See Hausmann*, 271 A.3d at 493.

---

[1] We confine our decision here to subsection 2179(a)(2), *regularly conducts business*, as it is the basis for the trial court's decision and Smith does not argue venue is proper under any other subsection. *See* Appellant's Brief, at 18.

"However, once they properly raise the issue of venue and provide some evidence to dispel or rebut the plaintiff's choice, the burden shifts back to the party asserting proper venue[.]" *Id.* (quotation marks, ellipsis, and citation omitted).

Kuehne and Nagel assert venue in Philadelphia is improper as they do not conduct any business in Philadelphia. We start with a brief overview of what Kuehne and Nagel's business entails.

Kuehne and Nagel is a logistics company. They arrange for the transportation, shipping, or storage of products owned by its customers. They do not own any means of transportation, such as trucks, boats, or planes. They hire third-party contractors to move the products. They conduct their business out of one of many offices across the world, but in this case, primarily out of their office in Media, Delaware County, Pennsylvania. They do not own nor lease any property in Philadelphia County.

Kuehne and Nagel's corporate object is therefore helping its "customers with the supply chain connections necessary to transport their goods from one location to another." Appellee's Brief, at 10; *see* Appellant's Brief, at 1 (noting Kuehne and Nagel is hired by companies to "facilitate and ensure [their] shipments get where they need to be on schedule."). Smith argues the trial court erred in finding Kuehne and Nagel does not regularly conduct business in Philadelphia because Kuehne and Nagel hires transportation companies to

pick up its customer's cargo at both the Philadelphia airport and seaport. **See** Appellant's Brief, at 24.

The answer to this question necessarily turns, then, on whether hiring transportation companies is in "aid of a main purpose" or "necessary to [Kuehne and Nagel's] existence." **Estate of Quigley**, 286 A.3d at 1245 (citation omitted). Smith asserts it is necessary to Kuehne and Nagel's existence. We disagree.

The trial court rejected Smith's claim that Kuehne and Nagel's "conduct of coordinating shipments, standing alone, is sufficient to find that [Kuehne and Nagel] is regularly conducting business in the geographic confines of Philadelphia County[.]" Trial Court Opinion, 11/14/23, at 6. The trial court noted it reviewed the filings, "including the [a]ffidavit and deposition of Adrian Ochoa, [Kuehne and Nagel's vice president of financial reporting]." **Id.** at 5. The trial court found that the evidence presented "does not support a finding that [Kuehne and Nagel] itself conducted any particular percentage of its regional business within the geographic boundaries of Philadelphia County." **Id.** (footnote omitted). Specifically, the trial court found:

> Around 1.5%, at most, of [Kuehne and Nagel's] business is attributable to the logistics services originating in Delaware County. [Smith] requests th[e c]ourt extrapolate that this small percentage of business generated in the Delaware County office is actually business in the County of Philadelphia because some Philadelphia transportation companies are used to pick up cargo from a Philadelphia port. Th[e trial c]ourt rejects this argument and, in doing so, has considered that [Kuehne and Nagel] regularly coordinated the movement of cargo being shipped through either the Philadelphia airport or the Philadelphia seaport.

*Id.* at 5-6 (footnote omitted). The trial court further noted the Philadelphia "ports are geographically located within both Delaware and Philadelphia County." *Id.* at 6 n. 11.

Our Supreme Court, as well as this Court, have on many occasions, held that the purchase of goods from suppliers in Philadelphia is not sufficient to meet the standard of regularly conducts business. *See Purcell v. Bryn Mawr Hosp.*, 579 A.2d 1282, 1287 (Pa. 1990) (purchase of hospital supplies from merchants in Philadelphia is not sufficient to show the hospital regularly conducts business in Philadelphia); *Kubik v. Route 252, Inc.*, 762 A.2d 1119, 1125-26 (Pa. Super. 2000) (restaurant purchasing goods in Philadelphia not sufficient to show the restaurant regularly conducts business in Philadelphia); *Masel v. Glassman*, 689 A.2d 314, 317 (Pa. Super. 1997) (purchase of equipment for hospital from Philadelphia businesses is not sufficient to show the hospital regularly conducts business in Philadelphia).

Recently, we held that these cases "establish that doing business **with** a Philadelphia County company does not amount to doing business **in** Philadelphia County if the obtained goods, services, or personnel are utilized elsewhere to further the defendant's business activities." *Troseth v. Carson Helicopters Holdings Co., Inc.*, 249 EDA 2022, 250 EDA 2022, at *7 (Pa.

Super. filed October 8, 2024) (unpublished memorandum) (emphases in original).[2]

In ***J.P. by Pinkston v. Sherman Street Soccer, LLC***, this Court addressed whether two companies regularly conducted business in Philadelphia. ***See J.P. by Pinkston v. Sherman Street Soccer, LLC***, 1735 EDA 2020, at *2 (Pa. Super. filed February 11, 2022) (unpublished memorandum). We quoted, at length and with approval, the trial court's opinion that there were not sufficient contacts within Philadelphia to meet the standard of "regularly conducts business." ***See id.*** at *3-*5. The trial court explained the first company, All Sports, had seven contracts to conduct work in Philadelphia, but all of the physical work "was done by subcontractors, not employees of All Sports." ***Id.*** at *3-*4. The trial court explained the second company, D'Huy, is a "consulting engineering firm" that "oversees projects on behalf of the client as the owner's rep[resentative]." ***Id.*** at *4 (brackets and citation omitted). The trial court found that "[d]ue to the nature of their business largely revolving around consulting, D'Huy is able to do most of their work from their offices in Bethlehem, Pennsylvania, absent the occasional site visit to Philadelphia." ***Id.*** (brackets and citation omitted). We agreed with the trial court and noted that "[n]either company was involved in direct action in Philadelphia. D'Huy's visits were brief and essentially perfunctory." ***Id.*** at *5.

_____

[2] Pursuant to Rule 126(b), we may rely on non-precedential decisions issued after May 1, 2019, for their persuasive value. ***See*** Pa.R.A.P. 126(b).

The same analysis applies here. Kuehne and Nagel are similar to both All Sports and D'Huy. They have contracts to secure the logistics of moving goods for their customers. They hire transportation companies, similar to All Sports' subcontractors, to do the actual moving of the goods. *See* Deposition of Adrian Ochoa, 4/7/23, at 14. They are able to do all of their work overseeing the transportation from their office in Delaware County, similar to D'Huy's consulting work conducted from their offices in Bethlehem. Kuehne and Nagel was never "involved in direct action in Philadelphia." *J.P.*, 1735 EDA 2020, at *5. Therefore, we agree with the trial court that the quality and quantity of Kuehne and Nagel's business, including hiring third-party vendors, were not sufficient to make Philadelphia the proper venue for this case.

The main purpose of Kuehne and Nagel is to arrange for the transportation of goods for other businesses. Kuehne and Nagel is merely a go-between for the customer and shipping companies. The hiring of the companies transporting the goods furthers, and is essential to, Kuehne and Nagel's corporate goals. Just like the hospitals in *Purcell* and *Masel*, and the restaurant in *Kubik*, the only activity is the purchase of services for the furtherance of its business. "[D]oing business **with** a Philadelphia County company does not amount to doing business **in** Philadelphia County if the obtained goods, services, or personnel are utilized elsewhere to further the defendant's business activities." *Troseth*, 249 EDA 2022, 250 EDA 2022, at *7.

Therefore, our review of the record confirms "there exists [a] proper basis for the trial court's decision [and therefore,] the decision must stand." *Hausmann*, 271 A.3d at 492 (citation omitted).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/3/2024